CHARLES MUNTER, Respondent, *v.* JULIA BANDE *et al.,* Appellants.

### March 21, 1876.

1. An action for personal trespass is properly brought against both husband and wife, when committed by the wife.

2. Where it is proved that the defendant intentionally threw vitriol upon the plaintiff, a verdict of $1,000 will not be considered excessive, however little the plaintiff may have been injured thereby. It is a case for punitive damages.

APPEAL from St. Louis Circuit Court.

*Affirmed, with 10 per cent. damages.*

*F. & E. L. Gottschalk,* for appellants, cited: Green *v.* Craig, 44 Mo. 90; Fredersheit *v.* Edmondson, 36 Mo. 226; McKerr *v.* Citizens' Ry. Co., 42 Mo. 79; Martin *v.* Robson, 65 Ill. 129; Daily *v.* Houston, 58 Mo. 361; Boul-

lard v. Calhoun, 13 La. An. 445; Crocker v. Chicago & Northwestern R. R. Co., 36 Wis. 676; Perkins v. Missouri, Kansas & Texas R. R. Co., 55 Mo. 201; Caldwell v. Stephens, 57 Mo. 589; Long v. Corkwell, 55 Mo. 93; Higgins v. Peltzer, 49 Mo. 152; Walser v. Shies, 56 Mo. 89; Goetz v. Autz, 22 Mo. 170.

*Finkelnburg & Rassieur*, for respondents, cited: Bishop's Mar. Wom., sec. 905 (ed. 1871); 2 Hill. on Torts, 503, sec. 6, and p. 506, sec. 8 (4th ed.); 2 Kent's Com. 149 (12th ed.); Baker v. Young, 44 Ill. 42; Matthews v. Fiestel, 2 E. D. Smith (N. Y.), 90; Smith v. Taylor, 11 Ga. 20; Anderson v. Hill, 53 Barb. 238; Reeve's Dom. Rel. 149 (ed. of 1862); Dailey v. Houston, 58 Mo. 361; Goetz v. Ambs, 27 Mo. 33; Green v. Craig, 47 Mo. 90; Perkins v. Missouri, Kansas & Texas R. R. Co., 55 Mo. 201; Franz v. Hilterbrand, 45 Mo. 121; Buckley v. Knapp, 48 Mo. 153; Clements v. Maloney, 55 Mo. 352; Schouler on Dom. Rel., side page 104 (2d ed.); Austin v. Wilson, 4 Cush. (Mass.); Walser v. Thies, 56 Mo. 89; 1 Bishop's Mar. Wom., sec. 907 (ed. 1871); 2 Hill. on Torts (4th ed.) 505.

GANTT, P. J., delivered the opinion of the court.

The petition set forth that the plaintiff, on May 11, 1874, was burnt and his clothes injured by vitriol thrown upon him maliciously by Julia Bande, wife of John Bande. The defendants filed an answer of the form to which we have already several times called the attention of the bar. It consisted of a reproduction of the petition, with negative averments. Such a mode of pleading is very liable to involve the defendant in the meshes of a negative pregnant, and leads, at best, to an unnecessary prolix style of answering. The recent act, permitting a general denial, will, perhaps, prevent its recurrence.

At the trial the plaintiff testified, and proved the infliction of the injury complained of. He was standing, at the time, in front of the house of defendants, in quiet conversation

with some other persons. He felt the fall of the vitriol on his person, and, glancing up, saw a hand and a porcelain dish in the act of drawing back from the window of the second story of defendants' house. He had been in business with defendant John Bande; they had disagreed and parted, and plaintiff had set up a rival house of his own in the neighborhood.

Johanna Schiller, a witness for plaintiff, testified that she boarded opposite to the house from which the fluid was thrown on plaintiff; that on May 11, 1874, she was at her window and saw Julia Bande look out of her window, then take a small bottle and pour some fluid into a soap-dish, throw it out on defendant, and then retire into the room; that she knew Julia Bande very well, and recognized her in court.

One of the persons standing with plaintiff on the street, at the time of the occurrence, corroborated his statement as to the circumstances. This was all the evidence on the part of plaintiff.

Defendant examined several witnesses, whose testimony tended to show that Julia Bande was not up stairs during the entire morning of the day of the alleged outrage, but was in the bar-room below until half-past eleven o'clock. Julia Bande herself was examined, and denied that she threw any vitriol on plaintiff, and denied the statements of Johanna Schiller in every particular. A witness was examined, on the part of defendants, who said that Johanna Schiller "set his boarders by the ear and did not pay her board, and, as far as he knew, she told more stories than truth." This was all the evidence.

The court instructed the jury, at the instance of the plaintiff, as follows:

"If the jury believe from the evidence that the defendant Julia Bande intentionally cast vitriol, or other corrosive chemical substance, upon plaintiff's person, then the jury will find for plaintiff."

" If the jury find for the plaintiff, and they further find that the act complained of was maliciously done, the jury, besides compensating for the injury sustained, may award such further exemplary and punitive damages as, under all the circumstances of the case, the jury may deem proper, not exceeding the sum of $5,000."

The defendants excepted to the giving of these instructions, and asked the following, the first of which the court gave, and refused the other two, defendants excepting:

1. " The court instructs the jury that it is incumbent on plaintiff to prove to the satisfaction of the jury that defendant's wife did the acts complained of."

2. " The court instructs the jury that if, from all the evidence in this cause, the jury have a reasonable doubt of the guilt of the defendant Julia, then the jury must find a verdict for the defendant."

3. " The court instructs the jury that there is no evidence of any damage sustained by plaintiff, and even if the jury find for plaintiff, they cannot give more than nominal damages."

The jury found for the plaintiff, with $1,000 damages.

The defendant filed a motion for a new trial, assigning as reasons therefor:

1. That the verdict is against evidence.

2. That the damages are excessive.

3. Because the court erred in not admitting proof of the general character of one of plaintiff's witnesses.

4. Because the court refused defendants' instructions

5. Because the court gave plaintiff's instructions.

6. Because the verdict is insufficient to render a judgment upon.

7. Because the court erred in admitting improper evidence for plaintiff, and excluding proper evidence for defendants.

8. Because defendants were surprised at the trial by the evidence of plaintiff and his witnesses.

Defendants also filed a motion in arrest of judgment, for the reasons :

1. That the verdict is insufficient and indefinite.

2. Because the judgment rendered is erroneous and unauthorized by the verdict.

3. Because the judgment is against a married woman.

4. Because the judgment is against husband and wife jointly.

The verdict was in the following words :

"We, the jury in the case of Munter v. Bande, find verdict for plaintiff, and assess the.damages at one thousand dollars ($1,000).          WM. GANELS, *Foreman.*"

The record entry of the judgment is as follows :

"*Charles Munter* v. *Julia Bande and John Bande,* her *husband.* Tuesday, January 19, 1875. Now at this day come said parties by their respective attorneys, and thereupon come also a jury, &c., &c., who, * * * upon their oaths aforesaid, find the issues joined in favor of said plaintiff, and assess his damages at the sum of one thousand dollars. It is therefore considered by the court that said plaintiff recover of said defendants the sum aforesaid, in form aforesaid as assessed, and his costs and charges herein expended, and have thereof execution."

The Circuit Court at special term overruled both motions, the defendants appealed to the general term, and, the judgment being affirmed, the case is before us on appeal.

1. There is no error in the record. The evidence was ample to warrant the verdict ; the court excluded no evidence which the defendants wished to give ; it admitted no evidence against defendants' exception, or even objection ; and there is no hint or suggestion in the record that defendants were surprised, except that it is so stated in the motion for a new trial. But the statement is utterly without support, and, as far as we can see, is meaningless. We can hardly conceive the possibility of a real surprise in this case, except in respect of the testimony of Johanna Schil-

ler ; and this reason not only is not sustained as to her, but defendants furnish evidence that they expected her to testify as she did. They were prepared with witnesses to impeach her character, and this evidence was given to the jury without objection. Plaintiff did object in the first instance, and then withdrew his objection.

The trespass was committed by the wife alone, and the action was properly brought against the husband and wife. This is perfectly settled as the correct course ; and one of the cases cited by defendant, to disprove the position, is a strong authority in its support. *Dailey* v. *Houston,* 58 Mo. 361. The matter is too familiar to the profession to need the citation of authorities. The counsel for respondent has furnished a list which, while we approve, we do not reproduce.

2. The only point we will dwell on is the amount of damages. The defendants think these excessive. We pause on the matter merely to emphasize our dissent from this idea. We can hardly say what damages, in such a case, we would think excessive. The dastardly, vindictive, malevolent, and, as we hope, un-American practice of vitriol throwing should meet with no mercy at the hands of a jury. We presume the moderation (for such we esteem it) of the present verdict is due to causes not disclosed, such as the pecuniary circumstances of the defendants. There is no mode of inflicting injury more likely to result, without warning, in the destruction of the organs of sight, or the branding of an indelible disfigurement on the person. It ranks among personal trespasses as murder by poison among less ignoble modes of homicide.

The record in this case is so free from all grounds of colorable exception that we reach the conclusion that the appeal was taken mainly, or entirely, for delay, and order the judgment of the Circuit Court to be affirmed, with 10 per cent. damages. All the judges concur.