JAMES DAILEY and MARY DAILEY, his Wife, Respondents, *vs.* AARON B. HOUSTON and MARTHA J. HOUSTON, his Wife, Appellants.

1. *Practice, civil—Suit by married woman—Allegation as to marriage of plaintiff—Defect in—Amendment after verdict.*—In suit by the wife, although the allegations of her marriage at the time when the cause of action accrued may be technically insufficient, yet if the evidence shows the fact, and the defect did not mislead the jury, it may be cured by amendment after verdict.

2. *Practice, civil—Misjoinder of actions—Defect waived by failure to plead.*—A joinder in the same court of a claim for injuries done the wife, and a claim for consequent loss of services on the part of the wife to the husband, etc., is error; but the defect, if not taken advantage of by demurrer or answer, is deemed to be waived. (Wagn. Stat., 1015, § 10.)

3. *Husband and wife—Joint trespass by—Wife not liable.*—The general rule seems to be that no joint action will lie against the husband and wife for their joint trespass but the husband alone is liable. The wife is presumed to be under duress of the husband, and cannot be held, where such act is done in his presence or in connection with him. But where the petition charges that the trespass was committed by the wife alone, and contains no allegation that the husband committed the trespass, or that he was present, this doctrine cannot be invoked.

4. *Damages for assault—Pecuniary condition of parties, etc., to be considered.*— In estimating damages caused by an assault and battery, the jury may take into consideration the pecuniary condition of the parties, their position in society, and all other circumstances tending to show the vindictiveness or atrocity, or want of atrocity, in the affair.

5. *Assault and battery—Action for—First assault—Nominal damages.*—In an action for assault and battery, where the answer simply denies the assault, plaintiff will be entitled at least to nominal damages, even though it appear from the evidence that plaintiff made the first assault.

*Appeal from Putnam Circuit Court.*

*G. W. Easley,* for Appellants.

I. If Houston directed the assault to be made, or was present and knew that it was being made, *prima facie* it was done under coercion of the husband, and the wife cannot be held liable. (Meegan vs. Gunsolis, 19 Mo., 419; McKeon vs. Johnson, 1 McCord, 578; 52 Mo., 39; 46 Mo., 114; 8 Am. R., 422-5.)

II. In a joint action of husband and wife, for assault and battery on the wife, compensation for the loss of service cannot be included in the damages. (Hill. Torts, [2 Ed.] p. 694, § 1; Barnes vs. Martin, 15 Wis., 240.)

| | |
|---|---|
| 58 | 361 |
| 31a | 384 |
| 58 | 361 |
| 34a | 671 |
| 58 | 361 |
| 40a | 77 |
| 40a | 81 |
| 58 | 361 |
| 104 | 22 |
| 44a | 589 |
| 58 | 361 |
| 111 | 512 |
| 58 | 361 |
| 115 | 14 |
| 58 | 361 |
| 80a | 317 |
| 58 | 361 |
| 82a | 275 |
| 58 | 361 |
| 90a | 561 |

*G. D. Burgess*, for Respondents.

I. The second instruction given by the court in behalf of plaintiffs, correctly lays down the law as to the measure of damages in cases of this kind. (Buckley vs. Knapp, 48 Mo., 162, 163; McNamara vs. King, 2 Gil., 432; Clements, vs. Maloney, 55 Mo., 352; Bump vs. Betts, 23 Wend., 85; West vs. Forrest, 22 Mo., 344.)

II. Defendants, Aaron B. Houston and his wife, were both proper parties to the suit. The husband is liable for the torts of his wife. (1 Chitt. Pl., 92; [14 Am. Ed.]; Wagner vs. Bibb, 19 Barb., 321; Harbrook vs. Weaver, 10 John., 247; Whittelsey's Pr., 119, § 94; 2 Hill. Torts, 505, §§ 7, 8; Smith vs. Taylor, 11 Geo., 20; Obermeyer vs. Greenleaf, 42 Mo., 304.)

III. But if the court should be of opinion that the judgment should not have been rendered against the wife, they are asked to modify the same and order the proper judgment to be rendered in this court. (Wagn. Stat., 1067, § 33; 1068, § 34; State to use of Moore vs. Sandusky, 46 Mo., 377; Russell vs. DeFrance, 39 Mo., 506; Ferguson vs. Ferguson, 36 Mo., 201; Marr vs. McIntosh, 21 Mo., 543; Hunter vs. Miller, 36 Mo., 143; Orth vs. Dorschlein, 32 Mo., 366.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover damages for an alleged assault and battery. The petition is as follows: "Plaintiffs state that the plaintiff, Mary Dailey, is the wife of the plaintiff, James Dailey, and that the defendant, Martha J. Houston, is the wife of the defendant, Aaron B. Houston; that on or about the 15th day of June A. D. 1872, the defendant, Martha J. Houston, at the county of Putnam aforesaid, with force and arms, did unlawfully assault and beat the plaintiff, Mary Dailey (then and still being the wife of the plaintiff, James Dailey) with a stone, and then and there willfully, unlawfully and violently beat, bruised and wounded her, the said Mary Dailey, so that her life was then and there greatly despaired of, and that by reason of such beating, bruising

,and wounding as aforesaid, she was for a long time, to-wit: eight weeks, in great pain and suffered so much pain from the beating, bruising and wounding aforesaid, that she was unable to attend to her ordinary domestic affairs of life which she otherwise would have done, and that they were put to great trouble and expense in consequence of said beating, bruising and wounding as aforesaid, and that they are damaged in consequence of the premises, in the sum of one thousand dollars, for which they ask judgment."

The answer of the defendants simply denies the assault and battery and the damages charged in the petition. A trial was had, a verdict and judgment rendered against the defendants for five hundred dollars. Motions for a new trial and in arrest of judgment were made and overruled, after which the defendants saved exceptions to the several rulings of the court, and appealed to this court.

The evidence introduced by the parties on the trial tended to prove the existence of the following facts: That on or about the 15th day of June, 1872, the plaintiff, Mary Dailey, and a neighboring lady were walking along a public road, accompanied by some small children; that as they were passing the house of the defendants, which was situate within forty or fifty feet of said road, Mrs. Martha J. Houston, the wife of defendant, Aaron B. Houston, and who was at the supper table on the porch at said house, remarked to her husband that she would go out to the road and see if Mrs. Dailey had told persons that she, Mrs. Houston, had been the mother of a negro baby before her marriage, and that if Mrs. Dailey had said so, that she would whip her; that the defendant, Aaron B. Houston thereupon told his said wife, that if Mrs. Dailey had been guilty of using such language " to whip her and he would foot the bill."

It is further shown by the evidence, that Mrs. Houston did go out to the road where Mrs. Dailey and the other lady were passing, where a fight ensued between Mrs. Houston and Mrs. Dailey. The evidence on the part of the plaintiff further tends to prove, that Mrs. Houston brought on the

fight, and struck Mrs. Dailey over one of her eyes with a stone, knocked her down and jumped upon and beat her with her hands, and pulled her hair, and that Mrs. Dailey was thereby injured and suffered great pain, from which she was rendered partly unable to attend to her domestic duties for several weeks ; that plaintiff, James Dailey, was a farmer in very moderate circumstances, not able to hire help for his wife during her illness, and that defendant, A. B. Houston, was a farmer worth from six to eight thousand dollars.

The evidence on the part of the defendant tended to prove that no stone was used by Mrs. Houston in the fight, and that Mrs. Dailey had caught Mrs. Houston by the hair of her head before Mrs. Houston struck her ; and also tended to contradict the evidence on the part of the plaintiff, in reference to the severity of the injury received by Mrs. Dailey. In the cross-examination of defendant's witnesses by the plaintiff it was shown that Aaron B. Houston was in plain view of the parties, at the time of the difficulty, about forty feet distant from the parties engaged; that he had directed and encouraged his wife to make the assault, and had approved of and commended the conduct of his wife immediately after the fight was over.

When the evidence was closed, the court at the request of the plaintiffs instructed the jury as follows :

1. "That no words, however insulting or aggravating they may be, justify or amount to an assault, and if they believe from the evidence, that the defendant, Mrs. Houston, assaulted and beat the plaintiff, Mrs. Dailey, and that the defendant, Aaron B. Houston, was present at the time and did not try to prevent the same, or if he ratified or approved the act after it was done, or in any manner, either by words or acts, encouraged or incited Mrs. Houston to assault the plaintiff, Mrs. Dailey, they are bound to find for plaintiff.

2. " If the jury find for the plaintiffs, they will assess their damages at such sum as they may believe from the evidence plaintiffs have sustained, not exceeding the sum of one thousand dollars. And in estimating the damages the jury may

take into consideration plaintiffs condition in life, their pursuits and nature of their business, the bodily pains and suferings resulting from the injuries of Mrs. Dailey, the preceding condition in life of the defendants. the mental anguish and wounded feelings of the plaintiff, Mrs. Dailey, and may add thereto damages by way of exemplary damages, as punishment of defendants; provided they believe that such assault was wantonly or intentionally made.

4. " Although the jury may believe from the evidence in this case, that the plaintiff, Mary Dailey, did take the defendant, Martha J. Houston, by the hair, yet if they further find that the defendant, Martha Houston, committed any more violence towards the plaintiff, Mary Dailey, than was necessary to repel said assault, then they are bound to find for the plaintiff."

The defendants at the time objected to the foregoing instructions, and their objections being overruled, they excepted.

The court, at the instance of the defendant, together with other instructions given, instructed the jury, that " the burden of proof in this case is upon the plaintiffs, to show that the defendant, Mrs. Houston, first actually assaulted Mrs. Dailey, and did inflict upon her some injury, otherwise, the verdict should be for the defendants."

There are several grounds insisted on in this court for the reversal of the judgment rendered by the Circuit Court. It is first insisted, that the petition does not state facts sufficient to constitute a cause of action, for the reason that it fails to aver that the defendants were husband and wife, at the time of the committing of the grievances complained of; and second, that the petition sets forth a cause of action growing out of an injury to the wife, in which it is proper to join the husband and wife as plaintiffs, and then in the same count seeks to recover for the loss of the services of the wife, and for the trouble and expenses occasioned by the injury complained of, which, if recoverable on, is only recoverable by the husband alone.

As to the first of these objections, it may be that the petition is technically insufficient, but the evidence clearly shows that the defendants were married at the time of the assault complained of, and as it is not shown that the defendants were misled by the defective averment, the petition might, even after verdict, have been amended so as to conform to the evidence, and might be so amended in this court under the provisions of our statute of amendments.

As to the second point made, the petition is surely faulty, as containing two causes of action, one in favor of the husband alone, and the other in favor of husband and wife, in which the wife must be joined; but the statute provides that such defects, where they are not taken advantage of either by demurrer or answer, shall be deemed to have been waived. (Wagn. Stat., 1870, p. 1015, § 10.) The defendant in this case, having failed to demur, and having only answered by a general denial of the petition, cannot insist on the objection after verdict.

The next and most material point raised in this court, by the defendants, grows out of the first instruction given by the court at the instance of the plaintiff. By that instruction the jury are told, that if the defendant, Aaron B. Houston, was present at the time of the assault made by his wife, and in any manner encouraged or incited his wife to assault the plaintiff, Mrs. Dailey, they would be bound to find for the plaintiffs.

It is insisted by the defendants, that this instruction was improper; that if the husband was present at the time the assault was made by the wife, encouraging and inciting the wife to the act, the wife, under such circumstances, would be presumed to have done the act by the coercion of the husband, and he alone would be responsible for the assault made under such circumstances. At least it is insisted that the assault would *prima facie* be the assault of the husband, the presumption being that the wife acted by his coercion, and that it would devolve on the plaintiff to show that the wife, in such case, was the active and aggressive party, before she could be made liable for the assault.

The general rule seems to be that no joint action will lie against husband and wife, for their joint trespass; but the husband alone is liable, and must be sued alone for such trespasses. In the case of McKeon vs. Johnson, (1 McCord, 578,) this doctrine is fully sustained, and although it is admitted by the learned judge delivering the opinion, that Mr. Chitty, in his work on Pleading, states the law to be different, yet it is asserted that the rule has been well established in this country, that no joint action will lie in such case.

In the case of Meegan vs. Gunsolis, decided by this court, Judge Gamble refers to the case of McKeon vs. Johnson with approval, and although the exact point did not arise in that case, the doctrine that a wife cannot commit a trespass in the presence of, or in connection with her husband, so as to make her liable to an action, was fully upheld and recognized. (Meegan vs. Gunsolis, 19 Mo., 417, and cases cited.)

It is contended by the plaintiff, that although the law may be, that the wife would not be liable in this case, still a judgment could properly be rendered against the husband, and that if the judgment is held to be improperly rendered in this case against both defendants, this court should not, for that reason, reverse the judgment and remand the case; but this court is asked to reverse the judgment and render a judgment here against the husband alone; and we are referred to the case of Wagner and wife vs. Bill and wife, (19 Barb., 321) in support of this view of the case. It is held in that case, that it is a question of fact, to be found like other facts by the jury, whether the wife, in that particular case, was coerced or not; that the presumption of coercion raised by the presence of the husband, when an assault was committed by the wife, might be rebutted by other facts in the case; the learned judge delivering the opinion in the case, further remarking, that "even assuming that the case was a case of coercion by the husband, it was no ground for non-suiting the plaintiff. On the hypothesis mentioned, the husband was clearly liable. The action was joint and several in its nature, and it was entirely competent to convict the hus-

band and acquit the wife, if she was exempt from liability by reason of the coercion of her husband, or for any other cause."

Without questioning the decision of the court, in that case, if the action was correctly assumed to be joint and several, we doubt its applicability to the case under consideration. In the present case the action is brought against the husband and wife, for an assault and battery alleged to have been committed by the wife. There is no pretense in the petition that the husband was present, or that he was guilty of any assault or other trespass, he is only sought to be made liable for the assault committed by his wife, on the simple ground that he is her husband.

It seems to me that it would be inconsistent with every rule of pleading and practice, to render a judgment against the husband for his own trespass, when none has been charged against him. If this should be done, we would have the strange inconsistency on the record, of a petition in a cause charging one trespass, and a judgment rendered against one of the defendants for a trespass which had not been charged against him. The action in such a case is not for a joint trespass made by both defendants, and if we assume that the wife was coerced, we have seen that such an action would be improper.

It is next insisted that the court, by the second instruction given for the plaintiff, improperly told the jury, that in the estimation of the damages they might take into consideration the " condition in life of plaintiffs, and their pursuits and nature of their business." There is no doubt but that in estimating the damages in such cases, the jury may properly take into consideration the pecuniary condition of the parties, their position in society, and all other circumstances tending to show the vindictiveness or atrocity, or want of atrocity, in the transaction, and which tend to characterize the assault. (McNamara vs. King, 7 Ill., 432; Clements vs. Maloney, 55 Mo., 352.)

But in the present case the court had permitted the plaintiffs to prove that Mrs. Dailey was not able to do her usual work for several weeks after the assault, and that her husband, not having the means to hire domestic help, had to perform such duties himself, for at least a portion of the time. Under such circumstances, it is possible, at least, that the jury may have inferred from the language of the instruction, that the plaintiffs were entitled to remuneration for the loss of the services and labor of the wife. The language of the instruction in this particular was therefore improper.

It may not be improper to state in this connection, that the court improperly instructed the jury (on the part of the defendant) that unless they believed from the evidence that Mrs. Houston first actually assaulted Mrs. Dailey, and did inflict on her injury, they should find for defendants. The court in so instructing the jury, overlooked the fact that the defendants had only filed an answer denying the assault charged. No defense of *son assault demesne* was set up or relied on. Under such a state of pleadings the plaintiffs could recover at least nominal damages, even if the evidence should show that the plaintiff made the first assault.

The judgment will be reversed, and the cause remanded ; the other judges concur.