A. P. HOWARD, Respondent, *v.* J. W. LILLARD, Appellant.

### March 30, 1885.

1. SPECIAL JUDGE—AUTHORIZED BY THE STATUTES AND SANCTIONED BY THE SUPREME COURT OF THIS STATE.—Sections 1107 and 3730, Revised Statutes, provide, among other things, that when the judge of any circuit court is "interested or related to, or shall have been counsel for either party, * * and the parties to such cause agree to select one of the attorneys of the court to preside, or if they fail to agree the attorneys who are present may elect, * * to hold the court for the occasion." The proceeding thus authorized has been recognized and resorted to in the practice of the circuit courts, and has been approved and sanctioned by the Supreme Court of this state, and is not now open to controversy.—*Barnes* v. *McMullin*, 78 Mo. 260; *Carter* v. *Prior*, Ib. 222; *Grant* v. *Holmes*, 75 Mo. 109.

2. PLEADING—ACTION FOR ASSAULT AND BATTERY—AVERMENTS NECESSARY IN ORDER TO RECOVER EXEMPLARY DAMAGES.—In an action for assault and battery it is not necessary, in order to the recovery of exemplary damages, that the petition should charge that the assault was maliciously committed. It is enough to aver that the act was unlawfully done, and set out the nature and character of plaintiff's injuries. Under such a petition, as at common law, it is a matter of evidence to show the character of the assault, as to whether the jury might award exemplary damages. Following *Daily* v. *Houston*, 58 Mo. 361.

APPEAL from Vernon Circuit Court, HON. J. C. MURRAY, Special Judge.
*Affirmed.*

The facts sufficiently appear in the opinion of the court.

SCOTT & STONE, for the appellant.

I. J. C. Murray acted as special judge on stipulation, to avoid an election of special judge. Where a change of venue is taken because of the prejudice of the judge, his having been of counsel, or for any cause, the case must be tried before some other circuit judge. The parties to a suit cannot appoint a circuit judge, nor can one be elected by the bar, in civil cases.—Revised Statutes vol. I, chapter 59, art. 2, sect. 3730, p. 634.

II. The giving of instruction to the effect that the jury might allow exemplary damages, was clearly improper and misleading, since it was not alleged in the petition that the assault was malicious. Under the pleading, plaintiff was entitled to actual damages only, if any at all.—*Kennedy* v. *North Mo. R. R. Co.*, 36 Mo. 351; *Frany* v. *Hildebrand*, 45 Mo. 121; Sutherland on Damages, vol. I, p. 724, *et seq.*

G. S. Hoss and S. A. WIGHT for the respondent.

I. There was no error committed in the trial of this cause, as complained of by appellant.

II. The statute authorized the agreement upon, or the election of, a special judge to try the case. The attorneys for appellant made no objection at the time, and stipulated that J. C. Murray should act as special judge.

III. The court committed no error in giving instruction as to exemplary or punitive damages. It was not necessary to charge that the assault was maliciously made.— *O'Leary* v. *Rowan*, 31 Mo. 117; *Kennedy* v. *North Mo. R. R.*, 36 Mo. 351; *Buckley* v. *Knapp*, 48 Mo. 162; *Clements* v. *Maloney*, 55 Mo. 352; *Dailey* v. *Houston*, 58 Mo. 361.

Opinion by PHILIPS, P. J.

This is an action for assault and battery. The petition alleges, substantially, that on the 6th day of October, 1879, at the county of Vernon, the defendant unlawfully assaulted the plaintiff with a neck yoke, and unlawfully

struck, beat, and bruised him, by reason whereof plaintiff was deprived of his time for two months, was compelled to lay out a large sum of money for medical services and medicines, was caused to suffer great pain in body and mind, and was permanently injured in his limbs and person, to his damage in the sum of $5,000.00.

The answer tendered, first, the general issue, and, second, a plea of *son assault demesne*. There was evidence offered tending to support the respective issues. The jury, after receiving a large number of instructions presenting every conceivable view of the law of such case, returned a verdict for plaintiff, assessing his damages at the sum of $300.

Before beginning the trial of the cause, the parties—plaintiff and defendant—filed in court a written stipulation, reciting that the judge of the court had been of counsel in the case, and agreeing that J. C. Murray, a member of that bar, should try the cause as special judge. Murray took the oath as such special judge, and sat as judge in trial of the case.

Defendant has brought the case here on appeal.

1. The first ground of error assigned by appellant is, that the special judge had no jurisdiction to try the case, notwithstanding he was selected mutually by the parties. It is claimed that none but the judge of some other circuit could try the case where the judge of the court of the venue is disqualified.

We do not think this question open to controversy. The statute (Revised Statutes, sections 1106 and 3730) expressly authorizes the parties, under circumstances like this, to agree upon some member of the bar, as was done in this case. This practice has been observed in the circuit courts, and has been recognized and sanctioned by the Supreme Court.—*Barnes* v. *McMullin*, 78 Mo. 260; *Carter* v. *Prior*, ib. 222; *Grant* v. *Holmes*, 75 Mo. 109.

2. The only other ground of error urged by appellant is the giving of the following instruction by the court;

"If the jury believe from the evidence that the

defendant willfully, wantonly, and maliciously assaulted the plaintiff with a club or weapon sufficient to produce great bodily injury and suffering, and did wound and injure plaintiff so as to cause the plaintiff great bodily suffering, they may in addition to the actual damages which they may find from the evidence plaintiff has sustained, give the plaintiff exemplary or punitive damages to compensate the plaintiff for any mental or bodily suffering or anguish of mind he may have endured."

The criticism made upon this instruction is, that it is not based on any issue tendered in the petition; that to entitle the plaintiff to recover exemplary damages the petition must charge that the assault was maliciously committed.

The petition charges that the act was unlawfully done, and describes the instrument, or weapon, used in perpetrating the injuries. It further sets out the nature and extent of plaintiff's injuries, showing that they were grievous and permanent.

We have not been referred by counsel to any authority sustaining their position. The old common law form of a declaration of assault and battery was thus: "In a plea of trespass for that the said defendant on the ——— day of ——— at ———, in and upon the plaintiff, with force and arms, made an assault, and him, the said plaintiff, then and there did beat, wound and ill treat" (adding any special matter of aggravation) "and other wrongs, to the plaintiff, then and there did, &c."

Under such a declaration it was a matter of evidence, showing the character of the assault, its aggravating nature, whether the jury might award exemplary damages. This was permitted, by an instruction similar to the one in question, and under a like petition, in the case of *Daily* v. *Houston* (58 Mo. 361), and the authorities fully sustain the action of the court.—*Goetz* v. *Ambes*, 27 Mo. 28; *O'Leary* v. *Rowan*, 31 Mo. 117; 2 Greenleaf on Evidence, par. 89; Sutherland on Damages, pp. 720-724.

Furthermore, if it were conceded that the instruction

complained of was improper as a declaration of law, it would not, in view of the record, constitute reversible error. For it is manifest from the amount of damages awarded the plaintiff that the jury did not allow any smart-money. Considering the evidence touching the excessive battery, and the extent of plaintiff's injuries, it is quite manifest that the jury limited their award to mere compensation, and they made a most meagre estimate therefor.

It follows that the judgment of the circuit court should be affirmed. All concur.