HARLAN v. MOORE et al., Appellants.

Division One, February 18, 1896.

1. **Pleading**: PETITION: AMENDMENT.  Where in a suit to cancel a deed the evidence showed a second deed to remedy defects in the first, an amendment to conform to the proof was properly allowed.

2. ———: ———: ———.  Where in such action the petition contained a prayer for general relief it was harmless error to permit an amendment containing a prayer for a writ of possession.

3. **Equity Practice**: INCOMPETENT EVIDENCE: SUPREME COURT.  The supreme court will not reverse a decree in equity on account of admission of incompetent evidence but will determine the case on the legal testimony.

4. **Equity**: CANCELLATION OF DEED: HUSBAND AND WIFE: EVIDENDCE.  In an action by a wife to set aside a deed executed by the husband for land claimed by her under a deed given in consideration of marriage, but afterward destroyed by the husband, it is proper to permit the plaintiff to testify as to oral promises made by the husband prior to the marriage that he would convey the land to her in consideration of marriage.

5. ———: ———: AMENDMENT NUNC PRO TUNC.  An amendment *nunc pro tunc*, after judgment and appeal, of the description of the land in the amended petition and judgment, so as to make it conform to that contained in the original petition, *held* proper.

|132  483|
|140  357|
132  483
143  652|
|132  483
 77a 606|
|132  483
|159  405|
132  483|
163  489|

6. ———: ———: PRESUMPTION. Where the proceedings under which an amendment of a judgment *nunc pro tunc* was made are not in the record, it will be presumed that all evidence necessary to sustain the amendment was before the court.

7. ———: ———: EVIDENCE. In a suit by plaintiff to set aside certain deeds made by her husband to defendants, the acts but not the declarations of the husband during marriage are admissible.

*Appeal from Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*Hale & Son* for appellants.

(1) The court erred in permitting plaintiff to file the amended petition after the cause had been tried and submitted to the court; it introduced a new cause of action which is not permissible. (2) The court erred in permitting respondent to prove by the witness, Rose, declarations made by W. V. Harlan in regard to the deeds after the suit was brought; he was not a party to the suit, and his statements were hearsay as to the defendants below. See *Pickering v. Pickering,* 6 N. H. 120; *Chamberlan v. Davis,* 33 N. H. 121; *Murphy v. Hubert,* 16 Pa. St. 50. (3) The court erred in permitting plaintiff to testify as to promises made to her by W. V. Harlan before the marriage, that he would convey her certain real estate in consideration of the marriage. (4) The court erred in sustaining a motion for a *"nunc pro tunc"* entry in the cause at the July term, 1894, after the case had been tried and the motions for rehearing and in arrest had been overruled at the previous March term; it was in fact a motion to be allowed to amend the amended petition and the judgment entry thereon by changing the descriptions of the lands so as to correspond with the description in the original petition. There was nothing in the record

to amend by, nothing to show which was the correct description; it was not, in fact, in any sense a "*nunc pro tunc*" entry, which, as the books say, is an entry or record made "now for then." That is a record which, it appears from the papers, should have been made, but which the court failed to make. Nothing of that sort appears in this case. See *Gray v. Brignerdello*, 1 Wall. (U. S.) 627; 16 Am. and Eng. Encyclopedia of Law, p. 1005. (5) The court erred in allowing plaintiff below to testify as to the declarations of W. V. Harlan in relation to the deeds made after the marriage; the marriage relation then existed; and the ruling of the court below in allowing her to testify to such admissions or declarations is directly in conflict with the proviso to section 8922, Revised Statutes, Missouri, 1889. (6) The evidence in this case, whilst it is sufficient to show that Harlan executed two deeds, is not sufficient to show that either one conveyed to plaintiff an estate in fee simple. The evidence must be clear, positive, and convincing. *Modrell v. Riddle*, 82 Mo. 31; *Turner v. Shaw*, 96 Mo. 22.

*J. F. Graham* and *J. W. Sebree* for respondent.

(1) A deed or gift executed by a man to his betrothed in contemplation of marriage [afterward consummated] makes the wife a purchaser for value [good even against existing creditors, of which there are none in this case]. *Chapman v. McInrath*, 77 Mo. 44; *White v. Ingram*, 110 Mo. 474; *Wood v. Broadly*, 76 Mo. 31 [Gift]. Such a transaction is a provision for her which it is his duty to make. *Gilliland v. Gilliland*, 96 Mo. 525; 112 Mo. 415. Marriage or an agreement to marry, if consummated, is the highest consideration for the transfer of property from him to her. *Powell v. Moeller*, 107 Mo. 471. Marriage is a valua-

ble consideration. *Lionberger v. Baker*, 88 Mo. 447, 448; *Scott v. Scott*, 95 Mo. 321. (2) The amended petition was properly allowed to conform to the facts in relation to the execution of the second deed. Sec. 2098, R. S. 1889; *Blair v. Railroad*, 89 Mo. 394; *Bennet v. McCans*, 65 Mo. 194. It can not be said that the court abused its discretion in this regard, conferred on it by express statute. *Ensworth v. Rartan*, 67 Mo. 623. The courts should be as liberal as the statutes. *Carr v. Moss*, 87 Mo. 447. (3) The *nunc pro tunc* entry was proper even after appeal. *Bank v. Allen*, 68 Mo. 474; *Gamble v. Daugherty*, 71 Mo. 602. (4) Appellants have not appealed from the entry of this *nunc pro tunc* judgment. *Railroad v. Mackbee*, 63 Mo. 349; *Jones v. Hart*, 60 Mo. 362. No rights of third parties are here involved; no rights have intervened between the time of the original judgment entry and the *nunc pro tunc* order. (5) Under prayer for general relief writ of possession may issue. *Woodworth v. Tanner*, 94 Mo. 129.

MACFARLANE, J.—This is a suit in equity to set aside and cancel certain deeds made by one William V. Harlan to defendants, two of his children, in fraud of the rights of plaintiff, who is the wife of said Harlan.

The petition charges, in substance, that in September, 1892, in consideration of a promise by plaintiff to marry him, William V. Harlan conveyed to her by sufficient deed the title *in fee* to forty-five acres of land, describing it. That pursuant to the agreement she did marry the said Harlan and the deed was delivered to her, but she neglected to have it recorded. That afterward, with intent to defraud plaintiff the said Harlan executed and delivered to defendants deeds purporting to convey to them the same land. That said deed was made to the grantees without their

knowledge and was without consideration. The answer admitted the execution and delivery to them of the deed, but denied all other allegations. The case was tried upon these pleadings.

. The evidence showed that plaintiff was a widow living in Texas, and William V. Harlan was a widower living in Carroll county in this state. Both were matrimonially inclined. Plaintiff advertised for a correspondent. Harlan answered. A correspondence commenced, which resulted in an agreement to marry. In consideration of this agreement Harlan promised to convey to plaintiff the land which is the subject of this controversy. The parties met in Kansas City, and went together to Carrollton, and were duly married. After the marriage Harlan delivered to plaintiff a deed to the land which had been executed prior thereto. Afterward, in December, 1892, he executed and delivered to her another deed to the same land in fulfillment of the antenuptial contract. These facts are undisputed.

The evidence tended to prove that plaintiff objected to the first deed, on the ground that a fee simple title was not thereby conveyed, and that the second one was made as a full compliance with the previous agreement. The evidence shows that plaintiff retained possession of the deeds for some time but never had them recorded. It tends to prove that they were afterward, without her knowledge, taken from their place of deposit by Harlan and were destroyed or retained by him. It also tends to prove that the last deed was one of general warranty.

The principal question of controversy on the trial was the character of the deeds.

After the trial had been concluded the court permitted plaintiff to amend her petition so as to charge the execution of the two deeds in order to make the

petition in this respect conform to the proof. The petition as amended misdescribed a part of the land.

The court found that the deeds were made in contemplation of marriage, and as a provision for plaintiff, and conveyed to her the fee simple title. The court further found that the deeds to defendant were without consideration and voluntary, and were made by Harlan with intent to cheat and defraud plaintiff. A decree was entered setting aside the deed to defendants and for possession, awarding a writ therefor. The decree made the same mistake in the description of the land as was made in the amended petition. From this decree defendants appealed.

At the next term, upon motion of plaintiff, the court permitted, by an order *nunc pro tunc*, an amendment of the amended petition and the judgment for the purpose of correcting the misdescription of the land.

I. The first error assigned is as to the action of the court in permitting plaintiff to amend her petition after all the evidence had been introduced and the trial had been concluded. The statute authorizing amendments is very broad and liberal in its terms. The court may allow an amendment of the pleadings at any time before final judgment "by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." R. S. 1889, sec. 2098.

The substantial charges in the original petition are that in pursuance of an antenuptial agreement William V. Harlan conveyed the land to plaintiff by warranty deed, and that afterward without valuable consideration he conveyed the same land to defendants in fraud of plaintiff's rights. The real issue was whether the said Harlan conveyed the land to plaintiff prior to his

conveyance to defendants. The evidence shows that Harlan made two deeds to plaintiff, the first in September and the second in December, 1892; that the former of these conveyed a limited estate, Harlan retaining some kind of an interest therein, and the latter was made for the purpose of conveying a fee simple title. The original petition only charged the making of one deed. The amendment for the purpose of conforming the pleadings to the proof, charged the making of both deeds. The issues are not changed by the amendment and there was no error in allowing it to be made.

The amended petition also prayed for a writ of possession which prayer was not contained in the original. Under the prayer for general relief contained in the original petition a writ for possession might have been awarded. The amendment, therefore, though held improper, was not prejudicial.

II. The court permitted a witness, called by plaintiff, to testify to certain declarations, made by the grantor Harlan, after the suit was commenced, in regard to the character of these deeds. Objection is made that such declarations could not be binding on defendants, and, as to them, were mere hearsay.

Without considering the merits of this objection we will say, as has been frequently said, that this court will not reverse a decree in equity on account of the admission of illegal testimony, but will dispose of the case upon the competent evidence. The rejection of this evidence would not change the conclusion reached by the circuit court, and the ruling if erroneous did not affect the merits of the case.

III. Again, objection is made to the ruling of the court in permitting plaintiff to testify to verbal promises made to her by Harlan before marriage, to the effect that he would convey the real estate to her in consideration that she should marry him. The ground

of the objection is that the agreement, which the evidence was intended to prove, was within the statute of frauds and could only be proved by a writing signed by the party to be charged.

But this suit was not intended to enforce the performance of an agreement to convey land. Harlan had already executed the agreement by making and delivering the deeds. The evidence was competent to prove that the promise was made before marriage and that the deeds were in consideration of the agreement to marry. The true consideration of a deed may always be shown by extrinsic evidence. *Sexton v. Anderson*, 95 Mo. 380.

IV. The next objection urged is, that the court, at the next term after judgment, and after an appeal, improperly made a *nunc pro tunc* order correcting the discription of the land as given in the amended petition and the judgment so as to make it conform to that contained in the original petition.

The statute is also broad and liberal in respect to such amendments and corrections as are here complained of. It provides that, "after final judgment rendered in any cause, the court may, in furtherance of justice * * * amend in affirmance of such judgment any record, pleading * * * or other proceedings in such cause, * * * by correcting a mistake in the name of a party, or a mistake in any other respect, * * * and such judgment shall not be reversed or annulled therefor." R. S. 1889, sec. 2101.

The power of a court to amend its record by *nunc pro tunc* entries is not of statutory origin, but has been recognized and exercised from ancient times, as a part of the common law jurisdiction. Black on Judgments, sec. 126.

Amendments are allowed in the interest of justice and the statute which has enlarged the common law

power is remedial and should be given a liberal construction. In observance of the rule this court has approved amendments of its record made by the trial court pending an appeal in the appellate court. *Henze v. Railroad*, 71 Mo. 642; *DeKalb Co. v. Hixon*, 44 Mo. 342; *Darrier v. Darrier*, 58 Mo. 234.

But it is insisted that there was no record or *memoranda* from which the amendments could have been made. A sufficient answer to this contention is that the proceedings under which the amendments were allowed were not preserved, and do not appear from the record. In such case we must presume that the court had before it all evidence necessary to justify the amendment. *Allen v. Sales*, 56 Mo. 35.

But the motion for leave to amend does show that the amendment was intended to conform the description of the land, as given in the amended petition, to that contained in the original petition. We are not to infer from such statement in the motion that the original, abandoned petition was the only evidence of the mistake in the description of the land the court had before it. But we think, taking the entire record as it appears here, that the court was justified in allowing the amendment. The case was tried on the original petition which describes the land. The answer admitted that the grantor of plaintiff had made them a deed to the land described in the petition. The first amended petition was allowed for the purpose of charging that Harlan had made two deeds to plaintiff instead of one. The purpose of the amendment was to make the proceedings conform to the evidence. No question of the identity of the land was raised either in the pleadings or the evidence. We think, therefore, that the mistake sufficiently appears upon the record to justify the court in correcting it.

V.   An objection is made that the court permitted plaintiff to testify to declarations of her husband made while the marital relation existed.   The record shows that plaintiff, while testifying as a witness, was asked as to certain declarations of her husband.   Upon objection by defendant's counsel, the court ruled that "his acts—what he did—may be shown; not what he said."   This ruling answers the objection.

After a careful examination of the evidence we are of the opinion that the chancellor reached a correct conclusion on the facts.   The judgment is therefore affirmed.   All concur.