## MARY A. GOODMAN, Respondent, v. CITY OF KA-HOKA, Appellant.

### St. Louis Court of Appeals, March 17, 1903.

1. **Amendment of Petition, When Permitted: PRACTICE, TRIAL.** Amendment may be made to a petition by adding a necessary allegation, where there is no claim that the appellant was surprised by such amendment or prevented from advantageously proceeding with the trial.

2. **Negligence: DEFECTIVE SIDEWALK: CITIES, TOWNS AND VILLAGES: NOTICE: DILIGENCE.** Where the evidence, in an action for negligence against a city for personal injury on account of a defective sidewalk, tends to prove that the sidewalk had been in bad repair for a month or more prior to the accident, it is for the jury to say both whether it was safe at the time of the accident, or if it was not, whether it remained in an unsafe condition long enough for the city authorities to have ascertained the fact by proper diligence.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee*, Judge.

AFFIRMED.

*C. B. Matlock* and *T. L. & S. J. Montgomery* for appellant.

(1) The first amended petition on which the case was tried does not state facts sufficient to constitute a cause of action against the defendant. Price v. Railroad, 72 Mo. 414; Waldhier v. Railroad, 71 Mo. 514. (2) The court at the close of all the evidence in the cause should have instructed the jury to find for the defendant as requested by defendant. Webster v. Railroad, 57 Mo. App. 452; Pearson v. Railroad, 33 Mo. App. 543; Jennings v. Railroad, 37 Mo. App. 651; Wright v. Railroad, 56 Mo. App. 367.

*J. D. Smoot* and *Whiteside & Yant* for respondent.

(1)  It is not for passers-by to look for defects, but the parties whose duty it is to repair.  Mitchell v. City of Plattsburg, 33 Mo. App. 555.  (2)  It is for the jury to determine the length of time that the defects existed and whether they were of sufficient time to impute notice to the defendant.  Bonine v. City of Richmond, 75 Mo. 437.  (3)  Defendant might have had notice of the general condition of the sidewalk by the exercise of any sort of diligence.  Buckley v. Kansas City, 68 S. W. 1069.  (4)  All of the instructions offered by the appellant were properly refused by the court.  Bonine v. City of Richmond, 75 Mo. 437.

GOODE, J.—The jury in the court below having awarded the plaintiff damages admitted to be reasonable in amount, for personal injuries sustained by her falling while walking along a sidewalk on Union street in the city of Kahoka, said city appealed from the judgment entered on the verdict.

At the beginning of the trial, appellant objected to the reception of any testimony, on the ground that the petition did not state facts sufficient to constitute a cause of action, in that it failed to charge the city with having notice, actual or constructive, of the bad condition of the walk prior to the accident to plaintiff and in time to have made repairs; and it is now assigned for error that the court below overruled that objection and received testimony.

The petition as originally drawn contained no averment of that kind, and when the appellant made the objection mentioned, the court remarked that he would permit the averment to be supplied by amendment at any time, and the transcript shows that it was supplied during the trial by adding this allegation:

"Defendant had notice of this defect, or might have

had by the exercise of due diligence—due and reasonable diligence—had due notice."

Whatever defect existed in the petition in the first instance was cured by the amendment, and the trial was conducted on the assumption that the petition charged notice actual or constructive to the city and that one of the material issues of fact was whether the city had notice. The amendment was properly permitted; there is no claim that the appellant was surprised by it or prevented from advantageously proceeding with the trial. The point that error was committed, either in receiving testimony or in allowing the amendment, is destitute of merit. Habel v. Railroad, 140 Mo. 150.

It is insisted that a demurrer to the case made by the respondent should have been sustained and also that at the close of the evidence the jury should have been directed to return a verdict in favor of the city, because, in all the evidence, there was no proof, either of defective construction of the sidewalk, or that it was in bad repair when the accident happened, or, if in bad repair, that the city had any knowledge of the fact or could have known it by reasonable diligence.

The petition makes the following charges:

"The said sidewalk was by the defendant negligently allowed to be defectively constructed and to become and remain out of repair, and in a condition dangerous to those walking thereon; that the said sidewalk is composed of boards nailed upon two stringers and said stringers were negligently allowed to be placed about eight inches from the ends of the boards leaving as much as eight inches of the ends of the boards extending outward beyond the stringers, and the stringers were composed of defective material, which was old and decayed, and said stringers were pieced and patched with old pieces leaving the same defective and unsafe; that the boards of said sidewalk were negligently allowed to become and remain loose on the stringers to which they had been nailed."

.Those averments contained two specifications of negligence, to-wit, defective construction of the walk and allowing it to become and remain in a condition unsafe for use.

The testimony for the plaintiff was that while she was walking along the sidewalk with her husband and was immediately in front of the gate leading to the premises of Henry Alexander, a loose board flew up and tripped her, causing her to fall against the adjoining fence, thereby breaking her left leg and injuring the knee cap.

. Mrs. Matilda Townsend, who had lived for nineteen years in the block where Alexander resides, testified she heard of plaintiff's fall and that she (the witness) was thrown down in the same manner by a loose board about three weeks before plaintiff was.

Arch Caskey testified to passing over the walk frequently in going to Mr. Alexander's and that it was not in first-class condition.

A witness by the name of Billings testified to being over the walk some time in December, 1900, and that the stringers on which it was built had decayed and others had been slipped under; that the walk was what he would call "patched up;" some of the stringers slipped in were pretty short; the old stringers were in a bad condition; the sidewalk was patched and pieced, some of the boards composing it being old and some new.

Thomas O'Day swore he had lived in the city for sixteen years; for five or six years he had traveled over this walk, and in the fall of 1900 there were some loose boards in it. It was a little "schackelty" he said.

William Pash said he examined the walk where plaintiff was hurt, in company with Mr. Billings and Mr. Goodman, and that the walk was "a patched-up concern" and looked like there were short pieces stuck under the stringers and the latter looked as though they were rotten and "doty;" that some of the boards were

old and some new.    He made this examination in December, 1900.

There was much testimony to show the walk was in good condition in January, 1901, when the plaintiff was hurt; but the foregoing shows there was ample evidence to go to the jury on the issue of its condition; so the trial court was right in submitting it.   The above evidence, too, tended to prove the walk had been in bad repair for a month or more prior to the accident; and it was for the jury to say both whether it was safe at the time of the accident, and, if it was not, whether it remained in an unsafe condition long enough for the city authorities to have ascertained the fact by proper diligence. Bonine v. City of Richmond, 75 Mo. 437; Buckley v. Kansas City, 68 S. W. 689.

In Young v. Webb City, 150 Mo. 333, the Supreme Court noticed certain cases bearing on the law in regard to constructive notice to a city of an unsafe sidewalk and deduced the following conclusion from them:

"As to what length of time would furnish notice to the municipal authorities of such a defect, there is no fixed or definite rule, and each case must depend upon the facts and circumstances attending it.   Thus, if the defect existed on a street much traveled and in use, it seems that the duty of the city to the public in looking after its condition, required greater diligence in seeing that it was reasonably safe for travel than if it had been but little used."

Mrs. Goodman was injured on a principal thoroughfare of the city of Kahoka, and some of the evidence as to the time the walk had been in bad order showed it had remained in that state long enough for the city authorities to have become aware of its condition by reasonable attention and care, and the court rightly left the evidence to the jury's consideration.

On this proposition several instructions were given, of which the following requested by the defendant is an example:

"The jury is instructed that the burden of proof is upon the plaintiff, and before the jury can find for her, she must prove by the preponderance of the evidence, that is, the greater weight of the evidence, to the satisfaction of the jury each of the following facts: first, that she was injured by reason of defects in the sidewalk in proof; second, that the town authorities had actual notice of the defects complained of, before the accident, or that the defect complained of had existed, or was obvious for such a length of time before the accident that such authorities could, by the exercise of ordinary diligence, have known of such defects, and had reasonable time to repair same; and if she had not so satisfied the jury by the greater weight of the evidence, they will find for the defendant."

We approve that charge as well as the others given.

The jury were quite fully and carefully instructed, and we have disposed of all the points made by the appellant except the refusal of two instructions. These are not dealt with for the reason that the points they present are substantially covered by what has been already stated, one of said instructions relating to notice to the city of the bad condition of the walk, and the other to the lack of evidence tending to prove it was defectively constructed. There was evidence bearing on both those issues and the given instructions submitted it in the proper light.

The judgment is affirmed. *Bland, P. J.*, and *Reyburn, J.*, concur.