BAXTER, Respondent, v. MAGILL, Appellant.

St. Louis Court of Appeals, November 18, 1907.

1. **PRACTICE: Amendments.** In an action for damages caused by an assault, where the petition charged the defendant with "stamping" plaintiff while the latter was down, it was permissible to permit an amendment to the petition to make it conform to the facts by changing the word "stamping" to "kicking;" it was a matter so trivial that it should not have been dignified by amendment.

2. **ASSAULT: Exemplary Damages: Pleading: Separate Statement.** In an action for damages caused by an assault, where the petition alleged that the assault was committed "wilfully, maliciously and wrongfully," whereby the plaintiff was damaged in the sum of $2,000, and concluded with a prayer for judgment "in the sum of $2,000 actual damages and the sum of $1,000 exemplary damages," this was a sufficient separate statement to let in evidence of malice and to support a verdict for exemplary damages.

3. ———: **Malice: Evidence: Financial Standing.** In such case, where the evidence tended to show malice, it was proper to receive evidence of the financial standing and ability of defendant and of the plaintiff.

4. ———: **Exemplary Damages: Evidence.** In such case where the evidence showed that defendant knocked the plaintiff down

and kicked him into insensibility after he was helpless and trying to escape, this was sufficient evidence to warrant exemplary damages.

5. ———: ———: **State of Mind.** The awarding of exemplary damage in case of assault is determined not by the force used in committing the assault, but by the state of mind with which it is committed.

6. **PRACTICE: Oral Instruction: Majority Verdict.** It was not error for the trial judge to instruct a jury orally that a majority of nine might return a verdict. Section 748,. Revised Statutes 1899, requiring written instructions on "points of law," is not applicable. Besides, such direction could not be error in this case for the reason the verdict returned was unanimous.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

Affirmed.

*Voltaire V. Ing* and *David W. Hill* for appellant.

(1) The original petition used the word "stamping" and the court, after the close of plaintiff's case, permitted plaintiff to amend by striking out the word "stamping" and inserting in lieu thereof the word "kicking," over the objection of the defendant. This was a material change and should not have been permitted, except upon terms. R. S. 1899, sec. 657. (2) "In all actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered." Plaintiff's petition simply states a case for actual damages. It is true that the prayer asks for exemplary damages, but the prayer cannot extend beyond and ask for something not stated in the petition. R. S. 1899, sec. 594. (3) The instruction of the court permitting the jury to allow vindictive damages is error because there is no evidence to warrant it. Whalen v. The Centenary Church, 62 Mo. 329. Cooley on Torts, p. 44 and cases cited. Morgan v. Durfee, 69 Mo. 478; Clark v. Fairley, 30 Mo. App. 335. (4) In an action for damages, evidence tending to show the de-

fendant's financial condition is not admissible, unless the case be one in which the award of exemplary damages would be justifiable.

*Abington & Stanley* for respondent.

(1) The court did not commit error in permitting plaintiff after the close of the evidence on the part of the plaintiff to amend his petition, by striking out the word "stamping" and inserting in lieu thereof the word "kicking." Goodman v. Kahoka, 100 Mo. App. 278; Habel v. Railway, 140 Mo. 150; R. S. 1899, sec. 657; Baltis v. Friend, 90 Mo. App. 410; Harlan v. Moore, 132 Mo. 488. (2) It was competent to prove both the plaintiff's and the defendant's financial condition in a case of this kind, and the testimony offered on that point was properly received. Beck v. Dowell, 111 Mo. 509. (3) This was a unanimous verdict and no constitutional question can arise in the case. Portwright v. Transit Co., 183 Mo. 72.

NORTONI, J.—This is a suit for damages, both compensatory and exemplary, resulting by reason of an assault and battery committed upon the plaintiff by the defendant. The evidence on the part of plaintiff tended to prove that plaintiff, who had been doing some trading at defendant's store at Hendrickson, was sitting upon a box near the center of the storeroom discussing with the defendant the matter of a public road which passed through defendant's lands, and plaintiff remarked: "Magill, if I had have been you, I would have been afraid to have built gates across that road like you did; I would have been afraid some of my neighbors would have done me some harm." To which remark defendant replied: "You have done a considerable worse. Some of the neighbors say you killed some of their stock." Whereupon plaintiff replied: "Anybody that says I killed any of my neighbors' stock is a damned liar." Defendant replied: "I did not say this; I said some of the

neighbors said that you killed their stock." Plaintiff replied: "Whoever said it told a lie." Whereupon defendant assaulted plaintiff with great force and anger while he was in a sitting posture, striking him in the face with his fist and as the plaintiff was in the act of falling off the box on which he was sitting, defendant caught him about the collar with one hand and continued pummelling him with his fist about the head with great force. All of this time, it is said, plaintiff was endeavoring to escape to the front door and defendant, holding him with one hand, followed up the battery until the plaintiff was felled to the floor by the blows, after which defendant kicked him twice, once in the face and once on the body. Defendant was finally induced to desist from further injuring plaintiff by his (defendant's) son who placed his arms about his father's body and pulled him away from plaintiff's prostrate form. While the defendant says that plaintiff dropped his hand to his pocket at the time he used the expression: "Anyone who says I killed my neighbors' stock is a damned liar," all of the evidence on the part of both plaintiff and defendant tends to prove that plaintiff neither struck nor offered to strike the defendant either before or during the battery; that from the falling of the first blow, plaintiff was endeavoring to get away toward the door and was detained by defendant who held and continued beating him. The force of these blows or kicks administered by defendant while plaintiff was lying on the floor, were such as to not only dislocate the plaintiff's jaw, but to break his jawbone in two places and render him unconscious. Plaintiff was picked up by some bystanders and carried out of the store onto the front porch in an unconscious condition and upon regaining his senses, his first words were: "Who struck me, and what did he do it for?" Plaintiff was in the hospital for twenty days and suffered great physical pain and mental anguish as a result of the beating.

The defendant and his son, in the main, gave about the same version of the affair as the plaintiff and the other witnesses who were present, except the defendant and his son insisted that plaintiff called defendant a "damned liar" and made a movement at the same time with his hand toward his pocket. No one claims that plaintiff had a weapon or that he made any demonstration toward the defendant either with or without one, for that matter.

Plaintiff was shown to be a poor man, possessed of property valued at about $1,000 and defendant was shown to be a well to do farmer and country merchant, owning a large acreage of lands, numerous horses and cattle, some bank-stock, notes, money, etc., valued at from $40,000 to $70,000.

1. The plaintiff's petition enters somewhat into detail in alleging the several injuries inflicted. In reference to the several kicks administered by defendant to plaintiff while plaintiff was prostrate upon the floor, it charged the defendant with "stamping" plaintiff. After the evidence was in, the court, over defendant's objection and exception, permitted plaintiff to amend the petition in conformity to the proof by striking out the word "stamping" and inserting in lieu thereof the word "kicking." The first point made on this appeal is error predicated upon this action of the trial court in permitting the amendment. It is strange indeed that plaintiff's counsel should have dignified a matter so trivial with an amendment. It was perfectly proper, however, if he so desired and the court committed no error in allowing it. The code is extremely liberal in permitting amendments at any time before final judgment, "when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." [R. S. 1899, sec. 657.] This amendment certainly did not substantially affect plaintiff's claim or the defendant's defense of the action and there was no

error in permitting it to be made. [Harlan v. Moore, 132 Mo. 483-488, 34 S. W. 70; Goodman v. Kahoka, 100 Mo. App. 278, 73 S. W. 355; Baltis v. Friend, 90 Mo. App. 410.]

2. The petition charges, "the defendant wilfully, maliciously, wrongfully and unlawfully assaulted and beat the plaintiff," etc., etc., and then enters into specifications as to the acts of defendant and their results upon the plaintiff, and avers the plaintiff is damaged by the wrongful acts complained of in the sum of $2,000 and concludes as follows: "Wherefore plaintiff prays judgment in the sum of $2,000 actual damages and the sum of $1,000 exemplary damages, and for his costs." Our statute, section 594, Revised Statutes 1899, provides that in actions where exemplary or punitive damages are recoverable, "the petition shall state separately the amount of such damages sought to be recovered." In view of this statute, the argument is advanced that the petition is insufficient to support the recovery of punitive damages as it does not proceed by separate specification, after the case of actual damages is stated and recovery prayed therefor, to re-state such facts of aggravation as will authorize a recovery for exemplary damages and conclude by asking $1,000 exemplary damages because of the facts last stated. The point is not well taken. The petition is certainly sufficient under the statute and all of the authorities with which we are familiar. Now, as above quoted, the petition in plain terms, charges the defendant's acts were committed with malice and that they were unlawfully done as well, either one of which allegations is sufficient to authorize proof tending to sustain a recovery of exemplary damages, as it is well settled that matters of aggravation do not constitute a part of the cause of action, and may be proved even though malice is not charged, if they are charged to have been unlawfully done. [Pierce v. Carpenter, 65 Mo. App. 191; Howard v. Lillard, 17 Mo. App. 228; Dailey

v. Houston, 58 Mo. 361; Whittelsey's Mo. Prac., sec. 127.] And in so far as the prayer for damages is concerned, it complies with the statute in nominating the amount desired as compensatory damages separately as $2,000 and in nominating the amount desired as exemplary damages, separately, at $1,000. And for that matter, if the point had merit, the allegations of malicious and unlawful assault and battery contained in the body of the petition would be construed as having a direct bearing upon, and be considered in connection with the prayer for punitive damages, inasmuch as such damages are awarded, when awarded at all in these cases, because of the malicious character of the assault.

3. In this case, where the evidence tended to prove malice, it was entirely proper to receive evidence as to the financial standing and ability of the defendant. [See Buckley v. Knapp, 48 Mo. 152; Dailey v. Houston, 58 Mo. 361.] And it was likewise proper to receive evidence of the plaintiff's financial condition. [See Beck v. Dowell, 111 Mo. 506, 20 S. W. 209.]

4. It is next argued that there was no evidence to warrant the recovery of exemplary damages and for that reason the court should not have authorized a recovery therefor in its instructions. In matters of tort, where the evidence shows circumstances of oppression or malice, it is certain that exemplary damages are properly awarded under the law of this state. [Buckley v. Knapp, 48 Mo. 152; Dailey v. Houston, 58 Mo. 361; Goetz v. Ambs, 27 Mo. 28; Howard v. Lillard, 17 Mo. App. 228.] It seems there is abundant evidence in this record tending to show malice. This is especially true on the proof as given by the plaintiff and his witnesses. And it is likewise true on the evidence of the defendant, for he was in no sense justified in maltreating the plaintiff as he did, even though the plaintiff lowered his hand to his pocket, as testified to by defendant and his son, for it appears he made no move to produce a weapon there-

after. The defendant assaulted plaintiff in great anger while he was sitting on a box, and having commenced the difficulty by striking the first blow, followed up the assault and beat plaintiff into an unconscious condition, dislocating his jaw and breaking it twice by his severe blows or kicks, during which onslaught the plaintiff constantly endeavored to get away until he became unconscious. All of the time the defendant held him fast and delivered severe blows in anger upon his face and head, finally kicking him when the plaintiff was prostrate and unable to offer resistance. There is abundant evidence of malice here, and the remarkable feature of the case is that the verdict was not much larger than $650.

5. The defendant requested and the court refused the following instruction: "The court instructs the jury that, under the evidence in this case, you cannot allow plaintiff any punitive or exemplary damages, if you allow him any damage, unless you believe from the evidence that defendant broke plaintiff's jaw-bone by kicking instead of striking him with his fists." The instruction proceeds upon the theory that it is the quantum of force employed and not the state of mind with which that force is exerted which determines whether or not the case is one for exemplary damages. This is error. The instruction entirely overlooks the state of mind of defendant when making the assault. Now the right to recover compensatory damages in this case depended not upon the quantum of force employed by defendant, nor was it material whether the plaintiff received his broken jaw by blows from defendant's fist or from kicks with his booted foot, but the right to recover such damages depended rather upon the fact whether such blows, either from the fist or foot, were administered by defendant while in a malicious state of mind, and if there was malice on the part of defendant, then the case was

one for exemplary damages. [See Goetz v. Ambs; Buckley v. Houston; and Howard v. Lillard, supra.]

The court gave a verbal direction to the jury to the effect that if they reached a unanimous verdict, one of their number, the foreman, should sign it as such; and that if they could not agree upon a verdict, the constitution of Missouri authorized nine of their number to return a verdict, if as many as nine reached an agreement thereon, in which event the verdict should be signed by all of the members of the jury who agreed to it. Our statute, section 748, Revised Statutes 1899, provides for the court instructing the jury in writing, and that either party may move the court in writing for an instruction "on any point of law arising in the cause," and that the court may, of its own motion "give like instructions." Upon this statute the argument is predicated to the effect that the court erred in giving the verbal direction to the jury above mentioned, with respect to the authority of nine of the jurors to make a verdict, etc. We are not impressed with the argument. The statute, as above quoted, contemplates written instructions upon "points of law" arising on the issues of the case, and is not to be interpreted as forbidding the court to direct the jury *ore tenus* about their ordinary duties as jurors or as a jury, such as was done in this case. The statute supra certainly would not be construed to require the court to instruct the jury in writing as to the duty of not discussing the case among themselves until the trial had been completed, nor discuss it with any one, nor permit any person to discuss it outside of the courtroom in their presence. This is unimportant, however. The defendant is not in a position to complain on the record before us. The verdict returned was by the unanimous voice of the jury and under such circumstances, even if there were technical error in the verbal direction, no constitutional right of defendant has been infringed thereby, and such error

State ex rel. v. Lazarus.

would not affect the merits of the action nor would it operate to defendant's prejudice in the least, in view of the circumstance of a unanimous verdict. [Portwright v. St. Louis Transit Co., 183 Mo. 72, 81 S. W. 1091.]

There are some other criticisms of instructions in the briefs. Learned counsel have not deemed them of sufficient importance, however, to justify the setting out of the instructions in the printed abstract or brief. The above instruction, copied and commented upon in the opinion, is the only one set out by counsel in the abstract or brief. Under such circumstances, the court is justified in declining to search through the record for instructions to compare with the arguments pro and con in the briefs directed thereto, and therefore they will not be further noticed. [Deitring v. St. Louis Transit Company, 109 Mo. App. 524-557, 85 S. W. 140.]

Upon a careful review of the entire record, it seems the judgment was for the right party and should be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.