## Payne v. Adams.

*Alienation of affections—Confidential communications—Evidence.*

1. Where a plaintiff brought an action for the alienation of the affections of his wife, his testimony that he and his wife lived in harmony and were happy and affectionate toward each other is not testimony as to a confidential communication between husband and wife, prohibited under clause (b) of section 5 of the Act of May 23, 1887, P. L. 158.

2. The privilege of husband or wife as to confidential communications extends to communications and not acts.

3. Where letters are offered in evidence, the objection that neither the name of the defendant nor the name of the plaintiff appeared in them is not a good reason for excluding such evidence, where there is testimony by duly qualified witnesses to the effect that some of the letters were in the handwriting of the defendant, and one witness testified that he had carried the letters from the plaintiff's wife to the defendant.

4. While a husband and wife are incompetent to testify against each other, yet correspondence of the wife with the defendant has always been admitted in evidence in actions for alienation of the wife. Such testimony is not prohibited by the Act of May 23, 1887, P. L. 158.

Motion for new trial and for judgment *n. o. v.* C. P. Westmoreland Co., Aug. T., 1925, No. 529.

*Adam B. Shaffer,* for plaintiff.

*Kline & Kline* and *S. W. Bierer,* for defendant.

COPELAND, P. J., Dec. 30, 1926.—In this action for alienation of affection, the defendant relies upon two assignments of error in support of his motion for a new trial.

Payne v. Adams.

The first is the admission in evidence of the testimony of the plaintiff himself, to the effect that he and his wife lived in harmony and were happy and affectionate toward each other.    This was assigned as error for the reason that it was testimony as to confidential communications.

Undoubtedly, if this was such testimony, it should have been excluded under clause "b" of section 5 of the Act of May 23, 1887, P. L. 158: "Nor shall either husband or wife be competent or permitted to testify to confidential communications made one to the other, unless this privilege is waived upon the trial."

The privilege of husband or wife as to confidential communications extends to communications and not acts: Wigmore on Evidence, § 2337.   Commonly, the privilege extends to utterances only, but it may in certain cases extend to particular acts when there has been a special confiding to the other spouse of the conduct.   But we believe that the privilege has never been extended to prevent the admission of testimony as to the happy condition or state of the married life of the couple over a considerable period of time.   This fact is not a communication within the meaning of that term as used in this connection.   Neither is the condition an act or the result of an act which is confided to the wife with the expectancy or hope that it will remain a secret.   For this latter reason, such testimony does not come within the reason of the rule, which is to encourage confidence and frank dealing between husband and wife.   There are many cases in the country holding that confidential communications do not include mere acts, Harlan v. Moore, 132 Mo. 483, nor particular acts or facts concerning the other spouse, such as knowledge of handwriting: Holtz v. Dick, 42 Ohio, 23.   It would be going extremely far to hold that the testimony as to the harmonious, happy and affectionate life of the parties is revealing a confidential communication.

For the reason that the testimony objected to was not a confidential communication, we believe there is no merit in this reason for a new trial, and it is, accordingly, dismissed.

The second assignment of error relied upon by the defendant is the admission in evidence of the exhibits of the plaintiff, consisting of certain letters. The first reason given in support of this assignment of error is that the letters were not properly proven, inasmuch as neither the name of the defendant nor the name of the plaintiff appeared in them.   Clearly this is not necessary if there is testimony, as there is in this case, by duly qualified witnesses, to the effect that some of the letters were in the handwriting of the defendant and that the one witness had carried letters from the plaintiff's wife to the defendant.   Miss May Adams, Mrs. Hattie Brooks and Miss Alice Adams testified that they knew the handwriting of the plaintiff's wife and identified some of the letters as hers.   Miss May Adams, a sister of the defendant, also testified as to her knowledge of the handwriting of the defendant and identified the rest of the letters as in his hand.   If this testimony is believed by the jury, it would clearly establish these letters as the acts of the plaintiff's wife or the defendant.   For this reason, we believe there is no merit in the first ground stated for this assignment of error.

The second reason is based on the theory that no witness can testify as to things tending to disrupt the family relation.   This proposition is entirely too broad and clearly not the law, for otherwise there could be no proof on which to recover in an action for alienation of affection.   The defendant contends that the plaintiff cannot introduce these letters into evidence, because they are evidence against his wife and prohibited as such by the Act of May 23, 1887, P. L. 158.   But this act is merely an enactment into a hard and fast

rule of the old common law rule as to competency of the parties. At common law, husband and wife were incompetent to testify against each other, yet correspondence of the wife has always been admitted in actions for alienation of affection of the wife: Ash v. Prunier, 105 Fed. Repr. 722; Long v. Booe, 106 Ala. 570, 17 So. 716; Bailey v. Bailey, 94 Iowa, 598, 63 N. W. Repr. 341; Nevins v. Nevins, 68 Kan. 410, 75 Pac. Repr. 492; Willey v. Howell, 159 Ky. 805, 169 S. W. Repr. 519; Jacobs v. Whitcomb, 10 Cush. 255 (Mass.), and many others.

We believe that these reasons for this assignment of error as to the admission in evidence of the letters in question are not sufficient, and, therefore, this assignment of error must also be dismissed.

The court is unable to say that the verdict was against the evidence and that the evidence showed that the defendant was not the aggressor in this matter of alienation of the wife's affection. There was testimony tending to show that he was, and testimony the other way. The jury, under the instruction of the court, must have found the defendant to have been the aggressor and responsible for the alienation of the plaintiff's wife from her husband, and the court cannot say, on the evidence, that they were mistaken.

It is necessary to consider only one other reason given in support of the defendant's motion, and that is that the verdict was excessive. We feel that, considering the financial status of the parties to this action, there is considerable merit to this reason, and that the jury must have been misled in this matter and guided by improper sentiments. Therefore, it will be necessary to order a new trial on this ground, unless the plaintiff is willing to accept a verdict of $1500 in place of that which now stands.

And now, to wit, Dec. 30, 1926, after argument and after due and careful consideration, it is ordered, adjudged and decreed that a new trial be and the same hereby is refused, and judgment non obstante veredicto be and the same hereby is discharged; and, further, it is ordered and directed that the amount of the verdict of $10,000 be reduced to $1500, and unless the plaintiff signifies his willingness, on record, to accept that amount within ten days from the filing of this decree, then and in that case a new trial is granted; and, further, it is ordered and decreed that if the plaintiff accepts of record the amount to which this verdict is reduced, judgment is directed to enter upon the verdict upon the payment of the jury fee.

From William S. Rial, Greensburg, Pa.