HAGEMAN, APPELLANT, *v.* ARNOLD, RESPONDENT.

(No. 6,072.)

(Submitted March 23, 1927.  Decided April 9, 1927.)

[254 Pac. 1070.]

*Assault and Battery—Damages—Instructions—"Malice"—Verdicts—Appeal and Error.*

Assault and Battery—What Does not Constitute Justification.
   1.   Provocative acts, conduct or words, if unaccompanied by any overt act of hostility, are not justification for assault; hence where, in an action for damages for assault, there was no evidence showing an occasion where defendant, under section 10980, Revised Codes of 1921, could lawfully use force, an instruction leaving it to the jury to say whether the assault was without legal justification was erroneous.

Trial—Giving of Conflicting Instructions on Material Issue Error.
   2.   The giving of conflicting instructions upon a material issue is reversible error.

Same—Damages—Limit of Sum Recoverable—Proper Instruction.
   3.   In an action for damages, actual and punitive, an instruction should be given that in no event should the amount awarded plaintiff exceed the amount sued for.

Same—Evidence—Witness Giving False Testimony—Proper Instruction.
   4.   *Held,* that an instruction that "a witness who testifies falsely in one part of his testimony is to be distrusted in others," required to be given by section 10672, Revised Codes of 1921, on all proper occasions, is proper where it is apparent that false testimony has been given, and the court is not required to modify it by confining the rule to testimony wilfully false as to a material matter.

Assault and Battery—When Law Implies Some Actual Damage—Improper Instruction.
   5.   Where defendant in an action for damages for assault admits striking plaintiff and there is no evidence of legal justification, the law implies some actual damage, and in such a case it is error to submit the question whether or not plaintiff suffered actual damage by the assault to the jury, in an instruction.

Same—Punitive Damages—When Question Properly Submitted to Jury.
   6.   In an assault action in which malice is alleged, not the quantum of force used but whether the assailant was in a malicious state of mind is the test for awarding or refusing to award punitive damages; and where the law implies actual damage (see par. 5, above), plaintiff is entitled to have the question whether there was ground for awarding punitive damages submitted to the jury.

-----

1.   See 2 R. C. L. 554.
2.   See 14 R. C. L. 777.
6.   See 2 R. C. L. 583.

Same—Instruction as to Use of Force—When Inapplicable.

7. In the absence of evidence in an assault action that defendant ejected plaintiff from his home for disturbing its peace and quiet, an instruction that for that purpose he could use as much force as was reasonably necessary was inapplicable.

Same—"Malice"—Definition in Instruction Other Than Statutory Erroneous.

8. An instruction in an action for assault and battery, defining "malice" in words other than those used in section 10713, Revised Codes of 1921, and approved by decisions of the court, *held* erroneous.

Same—Admission—Absence of Legal Justification—Improper Instruction as to Verdict Returnable.

9. Where defendant admitted the assault complained of, claiming that under the circumstances he used no more force than he deemed necessary and no legal justification for the act was shown, plaintiff was entitled to at least nominal damages, and therefore an instruction that the jury could return a verdict for plaintiff or defendant was erroneous.

Verdicts—When not Against Law.

10. A verdict is not against the law if in reaching it the jury followed the court's instructions, which constitute the law of the case even though erroneous, so far as the jury is concerned.

Appeal and Error—Judgment Will not be Reversed to Enable Appellant to Recover Nominal Damages—Exception.

11. While, generally speaking, a judgment will not be reversed merely to enable appellant to recover nominal damages, the rule does not apply where the judgment carries costs.

---

[1] Assault and Battery, 5 C. J., sec. 47, p. 644, n. 68; sec. 143, p. 696, n. 11.

[2] Trial, 38 Cyc., p. 1604, n. 65.

[3] Appeal and Error, 4 C. J., sec. 2890, p. 918, n. 42, p. 920; n. 53. Damages, 17 C. J., sec. 365, p. 1065, n. 7.

[4] Evidence, 22 C. J., sec. 14, p. 68, n. 43; 23 C. J., sec. 1743, p. 11, n. 32; sec. 1744, p. 11, n. 34. Trial, 38 Cyc., p. 1734, n. 16.

[5, 6]. Assault and Battery, 5 C. J., sec. 138, p. 691, n. 64; sec. 158, p. 701, n. 9; sec. 163, p. 705, n. 40; sec. 164, p. 708, n. 52. Damages, 17 C. J., sec. 280, p. 983, n. 77.

[7] Assault and Battery, 5 C. J., sec. 136, p. 691, n. 49.

[8] Assault and Battery, 5 C. J., sec. 140, p. 694, n. 90.

[9] Assault and Battery, 5 C. J., sec. 136, p. 690, n. 40.

[10] Appeal and Error, 4 C. J., sec. 3026, p. 1041, n. 32.

[11] Appeal and Error, 4 C. J., sec. 3211, p. 1179, n. 3, p. 1180, n. 5, 6.

*Appeal from District Court, Yellowstone County; O. F. Goddard, Judge.*

ACTION by William J. Hageman against S. C. Arnold. Judgment for defendant and plaintiff appeals. Reversed and remanded for a new trial.

*Mr. Guy C. Derry* and *Mr. Benjamin P. Harwood,* for Appellant, submitted a brief; *Mr. Harwood* argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a personal injury damage action, based upon assault and battery by defendant upon plaintiff.

By his complaint, plaintiff alleged that defendant violently assaulted and struck him, to plaintiff's damage; that the assault was without cause or reason and was malicious. He asked actual and exemplary damages. The defense was *molliter manus imposuit.* The answer made general denial and, by way of new matter, as a separate defense, alleged that, in defendant's home, plaintiff used toward defendant abusive language and called defendant a liar and disturbed the peace of his home, whereupon defendant slapped plaintiff but, in so doing, used no more force than to compel plaintiff to desist from tumultuous conduct and inflicted no injury. In reply, plaintiff denied substantially all of the new matter of the answer.

The case was tried with a jury. The affair occurred in defendant's home. The evidence shows defendant's home was, also, his place of business and that plaintiff was there on business. The verdict was for defendant, with judgment accordingly. Plaintiff appealed. In some respects on each side, the case is unique.

There are a number of specifications of error. One of them urges that the verdict is against the law and the evidence. All of the others relate to instructions given. We begin with those.

Instruction No. 1 was offered by plaintiff. Over objection of plaintiff, the court modified it and, as modified, gave it. Plaintiff contends the modification was error and that the instruction, as modified and given, is erroneous; further, that the manner of modifying and giving the instruction was contrary to the statute and irregular. In the latter contention

plaintiff is correct. However, we pass the irregularity and [1] consider the instruction, as given. It is as follows: "You are instructed that, inasmuch as the undisputed evidence in the case shows that the defendant did in fact commit the assault and battery alleged in the complaint filed herein and if you find that such assault was without legal justification, your verdict must be for the plaintiff."

We hold the instruction erroneous and the objection thereto of plaintiff, well taken. There is, in the evidence, nothing to show legal justification of the assault which the defendant admitted making. There is no claim it was in self-defense. If plaintiff's conduct was tumultuous or obnoxious, there is no evidence that defendant requested or ordered him to leave the premises and that, upon his failure to leave, defendant used reasonably necessary force to eject him. Section 10980, Revised Codes of 1921, enumerates occasions when force toward another may be used lawfully and the evidence does not bring the act of defendant within any of them. Provocative acts, conduct, words, if unaccompanied by any overt act of hostility, (no act of hostility here claimed) are not justification for assault. (*Mulcahy* v. *Duggan,* 67 Mont. 9, 214 Pac. 1106.) Therefore, the court erred in inserting the words "and if you find that such assault was without legal justification" and leaving to the jury the question of legal justification, when there was no evidence of any. Moreover, the instruction is in conflict with instruction No. 3, which is correct. Both can- [2] not be correct. The giving of conflicting instructions upon a material issue is reversible error. (*Wray* v. *Great Falls Paper Co.,* 72 Mont. 461, 234 Pac. 486.)

Plaintiff complains of the action of the court in striking out of instruction No. 4, as offered by plaintiff, all reference to [3] punitive damages. The instruction is one on the measure of damages and, both as offered and as given, it is faulty in one respect; that is, it puts no limit on the amount of damages, actual or punitive, the jury might award plaintiff, upon a verdict in his favor. Had the proper limitation to that effect been put in the offered instruction, it would have been, in-

our opinion, a proper instruction and, in that event, should have been given as offered. We find nowhere in the instructions given anything tantamount to the stricken portion or such as to render it superfluous. We see no cause for the action of the court in striking it but, owing to the fact that the offered instruction was incomplete, as above stated, plaintiff is not in a position to complain.

In this connection, we call attention to the fact that nowhere in the instructions given was the jury told that, upon a verdict for plaintiff, the amount awarded him should not, in any event, exceed the amount for which he sued. The jury should have been instructed that, in any event, no more should be allowed for actual damages than the amount asked as compensation for actual damages; and that, if, in addition thereto, the jury should allow anything for punitive damages, no more should be allowed therefor than the amount asked as punitive damages.

Plaintiff urges as error the giving of instruction No. 8, offered by defendant. In part, it is correct; in part, we think, faulty. Plaintiff was required to establish by a preponderance of the evidence all material allegations of his complaint, not admitted in the separate defense of the answer. Defendant was required so to establish the affirmative allegations of the separate defense of his answer, not admitted by the reply. If the evidence applicable thereto balanced evenly as to either such allegations of the complaint or such allegations of the separate defense of the answer, then it did not establish the same. Instruction No. 8 was not so framed and we hold it erroneous.

Plaintiff contends instruction No. 9, given at request of [4] defendant, is erroneous. As given, it is as follows: "A witness who testifies falsely in one part of his testimony is to be distrusted in others." It is substantially in the language of subdivision 3 of section 10672, Revised Codes of 1921. Counsel for plaintiff contend first it is repetitious, because the same subject, it is claimed by counsel, is covered in another instruction given, No. 6, to which, the record shows, no objection was

made.  Instruction No. 9 is not really repetitious.  It is supplemental to a sentence in instruction No. 6 and explanatory thereof.  It tells the jury when and why the testimony of a witness may be distrusted; tells it in the words of the statute. Section 10672, supra, says the statement embodied in instruction No. 9 must be given, as an instruction, on all proper occasions.  This was a proper occasion, because it is evident, in the case at bar, somebody testified falsely.

Counsel contend further instruction No. 9 is erroneous, in that it is not confined to testimony wilfully false and in a material matter.  Counsel, in support of the contention, cite several Montana cases.  Those cases, in so far as they so hold, are overruled by the later case of *State* v. *Connors,* 37 Mont. 15, 94 Pac. 199, in which it is held that such an instruction in the words of the statute is correct and a proper instruction to give and that it does not need to be qualified as to wilfulness or material matters nor is it proper so to qualify it.  The opinion in that case says the instruction, when given, should be in the exact words of the statute; nothing more nor less, as practically was done in the case at bar.  A subsequent decision or two of this court, by some expressions used in the opinion or opinions thereof, at first glance, might leave the casual reader in some doubt if it is the determination of the court to adhere to that rule; but we stand squarely on the rule announced in *State* v. *Connors,* supra, and now declare definitely that it is not error but is proper to use the exact words of the statute in giving such an instruction.

Plaintiff contends there is error in instruction No. 11.  We think it incomplete, in that it makes no ·reference to punitive damages.

Plaintiff complains of instruction No. 12.  We deem the concluding words, "without any just cause or excuse," improper.  They should have been omitted.

Plaintiff complains of instruction No. 13.  It leaves to the jury the question of whether or not plaintiff suffered actual [5,6] damage by being struck by defendant.  Defendant admitted, in his answer and in his testimony, that he struck

plaintiff. There is no evidence of legal justification. The law implies that there is, nominally at least, some actual damage as a result of any unlawful force intentionally applied to the person of another. (5 C. J. 701 *et seq.*) The court erred in leaving to the jury the question of whether or not there was actual damage. It being apparent, as a matter of law, that there must have been some actual damage, however slight or nominal, to plaintiff, the jury was entitled to look further and ascertain if there was ground for punitive damages. In an assault case in which malice is alleged, not the quantum of force but whether assailant was in a malicious state of mind is the test for awarding or refusing to award punitive damages. (*Baxter* v. *Magill,* 127 Mo. App. 392, 105 S. W. 679.) This is not contrary to the doctrine of *Gilham* v. *Devereaux,* 67 Mont. 75, 33 A. L. R. 381, 214 Pac. 606, a case of another character, in which the jury found there was no actual damage. The case at bar is different, in that here the law imputes some actual damage. *Luther* v. *Lee,* 62 Mont. 174, 204 Pac. 365, declares fully and clearly the rule for recovery of exemplary or punitive damages: ''Where the wrongful act complained of is characterized by some such circumstances of aggravation as wilfulness, wantonness, malice, oppression, brutality, insult, recklessness, gross negligence or gross fraud on the part of the defendant.'' That is in accordance with plaintiff's theory of the case, in the case at bar, and he was entitled of right to have it submitted to the jury, however slight or inconsequential the actual damage, proven or imputed by law.

Plaintiff complains of instruction No. 14. We consider it [7] inapplicable. If plaintiff were disturbing the peace or quiet of defendant's home, defendant had the right to order him to leave and, upon plaintiff's failure so to do, to eject him and to use therefor so much force as reasonably necessary; but there is no evidence defendant undertook to do that.

Plaintiff complains of instruction No. 15, defining malice. [8] Malice is not there defined in the words of the statute (sec. 10713, Rev. Codes 1921), as approved in *Jones* v. *Shannon,* 55 Mont. 225, 175 Pac. 882, nor as expressed in

*Moelleur* v. *Moelleur*, 55 Mont. 30, 173 Pac. 419, and, on that account, we hold the instruction erroneous.

Plaintiff claims there is error in instruction No. 16. It states that a verdict may be returned for plaintiff or for defendant. [9] In our view, that is erroneous. Under the pleadings and the evidence, we hold there must be *ex necessitate* a verdict in some amount for the plaintiff, the only question being how much. It might be as little as one cent or one dollar. It could be and should be for some such nominal sum if, in the opinion of the jury, under the evidence, plaintiff suffered no actual damage of any consequence and if punitive damages should not be assessed; if plaintiff suffered any actual damage of consequence, then in accordance with the amount of actual damage suffered and more, if punitive damages be deemed proper; but in no event should more be awarded than the sum for which plaintiff sued. The jury should have been so instructed and not instructed that it might return a verdict for defendant. Apparently, in the main, the entire set of instructions was given on the theory that offensive words may be legal justification for assault and battery, but that is not the law.

Plaintiff contends there is error in other instructions given but we do not so find; at least, not to the extent of constituting reversible error.

Finally, plaintiff contends the verdict is against the law and [10] the evidence. As to the evidence, we sustain the contention, holding, as we do, that, under any view of the evidence, plaintiff is entitled to a verdict for at least a nominal sum. We cannot hold the verdict to be against the law, because the jury was misdirected as to the law and the verdict appears to be in harmony with or, at least, permissible under the instructions given, which constituted the law of the case, so far as the jury was concerned. (*Bush* v. *Baker,* 51 Mont. 326, 152 Pac. 750.)

We are aware of the general rule that "a judgment for de- [11] fendant will not be reversed and a new trial granted

merely to enable appellant to recover nominal damages.'' (3 Cyc. 446.) The rule is not of universal application. (3 Cyc. 447.) In *Wallace* v. *Weaver*, 47 Mont. 437, 133 Pac. 1099, the rule is qualified and stated thus: ''A failure to award nominal damages is reversible error where plaintiff is substantially prejudiced thereby—as where the judgment carries costs.'' In the case at bar, defendant recovered judgment for his costs, which were considerable. Had plaintiff received a verdict for a nominal sum, to which, at least, he was entitled, each party would have borne his own costs and that would have made considerable difference in favor of plaintiff. The illustration given in *Wallace* v. *Weaver*, supra, we take it, is given merely as an example. A plaintiff possibly might be substantially prejudiced in other ways by failure to award nominal damages. Of the plaintiff in that case, the court said: ''According to his theory and the testimony offered by him, he is entitled to substantial damages.'' That comment applies to the case at bar.

In the case at bar, we do not say plaintiff should or should not have only nominal damages. It is not for us to say. It may be that, upon a retrial, under proper instructions, a jury will give him only nominal damages but, if so, it should be done under proper instructions; again, under proper instructions, a jury may give more. Any way, plaintiff is entitled to a trial of the case under proper instructions.

In this case, there was, in this court, no appearance of defendant, as respondent, in oral argument or by brief, and we have had no aid from that source. That might well be taken as virtual confession of error but, nevertheless, we have endeavored to give each specification of error assigned careful and impartial consideration, to the end that justice may be done and error avoided upon a new trial. For the errors assigned and herein found, the judgment is reversed and the cause, remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.