SKELTON, RESPONDENT, v. GREAT NORTHERN RAILWAY CO., APPELLANT.

(No. 7,848.)

(Submitted January 25, 1940. Decided March 13, 1940.)

[100 Pac. (2d) 929.]

*Messrs. Weir, Clift & Bennett,* for Appellant, submitted an original, a reply and a supplemental brief; *Mr. Harry P. Bennett* argued the cause orally.

*Mr. Wellington D. Rankin, Mr. Arthur P. Acher* and *Mr. H. O. Vralsted,* for Respondent, submitted an original and a supplemental brief; *Mr. Rankin* and *Mr. Acher* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff on or about September 23, 1934, while he was riding with a stock shipment under contract with the defendant from Stanford, Montana, to St. Paul, Minnesota.

In his complaint plaintiff alleges that through the negligence of the defendant company and one of its locomotive engineers in their operation of the train in question, and while plaintiff was riding in the coach which was provided for himself and others accompanying the stock, the coach was carelessly, sud-

denly and violently jerked in such a manner as to cause the plaintiff to be thrown against the back of a seat, resulting in injuries causing total disability.

Defendant's answer was in the form of a general denial and a plea of contributory negligence by reason of plaintiff walking or standing in the aisle without taking care to steady or safeguard himself.

Plaintiff produced four stockmen as witnesses, besides himself, who testified to a violent jolting or jar at the approximate time and place complained of, and to the fall as alleged by plaintiff, and his injury. Some eight other witnesses riding in the same coach testified on behalf of the defendant that there were no unusual bumps or jars not ordinarily associated with the running of a stock train. Various medical experts were called, some testifying that the disability of the plaintiff, due to a heart condition, could have resulted and probably would result from the fall, while others testified that it could not. By agreement the cause was dismissed as against the engineer who was not served with process.

The cause was submitted to the jury and resulted in the verdict for defendant. Thereafter plaintiff made a motion for new trial, and it was granted. In its order granting the new trial the court said: "In this action court this day ordered that the plaintiff's motion for a new trial be and the same is hereby granted for the reason the court submitted an erroneous instruction." This appeal is from the order..

Defendant specifies as error (1) that the court erred in granting plaintiff's motion for a new trial, and (2) that it erred in finding that an erroneous instruction was given. The court in its order did not specify which instruction it deemed to be erroneous, but counsel seem to concede that the instruction in question is instruction No. 12, which is set out in full later.

In examining this cause this court is, of course, required to examine it in accordance with the rule often stated by this court, and which is found in the late case of *Maki* v. *Murray Hospital*, 91 Mont. 251, 7 Pac. (2d) 228, 230: "The granting, or refusal to grant, a motion for a new trial lies within the sound

discretion of the trial court, and its order thereon will be reversed only for manifest abuse of that discretion.''

Plaintiff argues that instruction No. 12, as given, does not correctly state the law, and that it is sharply in conflict with instruction No. 23, which correctly states the law. Instruction No. 12 is as follows: ''You are instructed that plaintiff was a passenger on a freight train of defendant, and as such passenger assumed the ordinary risks of injury from jerks incident to the movement of such train, and in order for plaintiff to recover for the injuries alleged to have been sustained by him from a jerk of said car while riding on said freight train, the plaintiff must prove by a preponderance of the evidence that such jerk was not only unusual, extraordinary, or unnecessary, *but also that it was the result of defendant's negligence,* [Italics supplied], and if you find that plaintiff has failed to do this, your verdict must be in favor of the defendant.''

Plaintiff objected to the giving of instruction No. 12. At his request instruction No. 23 was given, and it is as follows: ''You are instructed that if you find from the evidence that the train upon which Skelton was riding was jerked in an unusual or violent manner at the time and place complained of and not in the usual and ordinary manner incident to the operation of said freight train with the highest degree of care, the proof of such violent jerk is sufficient to warrant your finding that the defendant was guilty of negligence as alleged by the plaintiff.''

There is sharp conflict between instructions Nos. 12 and 23. By no means can instruction No. 12 be harmonized with instruction No. 23 and other instructions given. No. 23 instructs the jury that it may find for plaintiff if the train was jerked in an unusual and violent manner, and not in the usual manner incident to the operation of the freight train with the highest degree of care. No. 12 instructs specifically that before the jury can find for plaintiff something further must be proven, i. e., that the jerk ''was not only unusual, extraordinary, or unnecessary, but also that it was the result of defendant's negligence.'' This instruction required the plaintiff to prove the existence of negligence by something more than the severe jerk

not incident to the operation of the train with the highest degree of care. If the jury followed No. 23 and other instructions given, proof of the violent jerk under the circumstances stated would be sufficient to warrant finding for the plaintiff; if it followed No. 12, proof of the jerk under the circumstances stated in instruction No. 23 would not be sufficient to warrant finding for plaintiff.

We cannot know which instruction the jury followed. The court properly granted a new trial. This court has passed on the matter of conflicting instructions a number of times. In *Hageman* v. *Arnold*, 79 Mont. 91, 254 Pac. 1070, 1072, the court said: "Moreover, the instruction is in conflict with instruction No. 3, which is correct. Both cannot be correct. The giving of conflicting instructions upon a material issue is reversible error. (*Wray* v. *Great Falls Paper Co.*, 72 Mont. 461, 234 Pac. 486.)" (See, also, *Sullivan* v. *Metropolitan Life Ins. Co.*, 35 Mont. 1, 88 Pac. 401; *Wells* v. *Waddell*, 59 Mont. 436, 196 Pac. 1000.)

Defendant urges that, taken together, the instructions fairly state the law, and that even though No. 12 is erroneous, it is cured by the others given. Had No. 12 not been a complete instruction on the proof required to show negligence the argument might have merit, but this is not a case of an incomplete instruction which may be explained or made complete by other instructions, but it purports to state the law on the subject fully and specifically requires the finding of all the requirements therein stated to allow recovery for the plaintiff.

Defendant argues that instruction No. 12 correctly states the law when it requires proof that defendant was guilty of some specific negligent act, basing its argument on the contention that the plaintiff has made specific allegations of negligence by the allegation "that said defendants then and there failed and omitted to have such train under control; that said defendants then and there carelessly, recklessly and negligently, suddenly and violently jerked the said train, and particularly the car upon which plaintiff was riding."

Under the decision in *Maki* v. *Murray Hospital*, supra, it appears that the above allegation is general rather than particu-

lar, but even if it were treated as particular, under the rule stated in *Hoskins* v. *Northern Pac. Ry. Co.*, 39 Mont. 394, 102 Pac. 988, 990, proof of negligence as defined in instruction No. 23 is sufficient, and the doctrine of *res ipsa loquitur* applies: "We hold that, as no duty rests upon a plaintiff, who is a passenger, to allege or prove in his affirmative case the particular cause of the derailment, allegations of specific causes in the complaint should be treated as surplusage, and he may rely upon his prima facie case without attempting to substantiate them. The sufficiency of a pleading must be determined upon the facts from which the legal duty or liability is deduced." (See, also, *Maki* v. *Murray Hospital,* supra.)

Instruction No. 12 was erroneously given and it does not state the law. (*John* v. *Northern Pac. Ry. Co.*, 42 Mont. 18, 111 Pac. 632, 32 L. R. A. (n. s.) 85; *Freeman* v. *Chicago etc. Ry. Co.*, 52 Mont. 1, 154 Pac. 912.) Instruction No. 23 correctly states the law and was properly given.

Plaintiff in his motion for a new trial questioned instruction No. 13, which states that the plaintiff by traveling on a stock train assumed the risks reasonably incident to the operation of that kind of train, and that if the jerk complained of was one of "the usual incidents" in the operation of such train he could not recover. Instruction No. 19 states that plaintiff can recover if the train upon which plaintiff was riding as a passenger was jerked so violently as to show want of the highest degree of care by the defendant. There is some conflict between these two instructions. Although apparently instruction No. 19 is intended to modify and explain instruction No. 13, some ambiguity may arise if they are given in the same form on another trial. To obviate any question the substance of the two instructions should be included in one.

The order granting the new trial was properly made and it is affirmed.

Mr. Chief Justice Johnson and Associate Justices Morris, Angstman and Arnold concur.