ROSE, Respondent, *v.* INTERMOUNTAIN TRANSPORTA-
TION CO., Appellant.

No. 9222.

Submitted December 2, 1953. Decided February 26, 1954.

267 Pac. (2d) 122.

Mr. Chief Justice Adair dissented.

Mr. Alf C. Kremer, Mr. Rex F. Henningsen, Butte, for appellant.

Mr. George P. Sarsfield, Mr. Lewis F. Rotering, Mr. Tom J. Davis, Butte, for respondent.

Mr. Henningsen, Mr. Rotering and Mr. Sarsfield argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff was injured while a passenger on defendant's bus

traveling from Anaconda to Butte. This action was to recover damages as a result of alleged negligence on the part of defendant causing the injuries. The injuries arose when plaintiff was thrown forward against the seat ahead of him as the driver of the bus applied the brakes in an attempt to avoid a collision with an oncoming car traveling in the opposite direction which careened across the highway and collided with the bus as the bus came to a stop.

The negligence charged was that the driver of the bus failed to keep a proper lookout so as to protect plaintiff from dangers from emergencies which should have been foreseeable; failed to warn plaintiff that the brakes were to be suddenly applied though he had ample and adequate time to do so; that he drove at a high and dangerous rate of speed on marked curves and at a speed greater than was reasonable and proper considering all conditions.

The answer was a general denial of the material allegations with respect to negligence of the bus driver and contained affirmative defenses which may be summarized as charging that plaintiff's injuries were caused by the negligence of Reuben Isaacson who was the driver of the oncoming car and who was a stranger to defendant; that Isaacson's negligence consisted of operating his car at a speed of approximately 70 miles per hour and apparently out of control, and that the driver of defendant's bus did everything possible to bring the bus to a stop and that if the application of the brakes threw plaintiff against the seat ahead of him resulting in injuries they were caused by the driver of the bus being confronted with a sudden emergency and not to any negligence.

The reply was a general denial of the material allegations of the affirmative defenses.

The jury found for plaintiff and assessed his damages in the sum of $5,000. Judgment was entered on the verdict from which defendant has appealed, after its motion for new trial was denied.

No attack is made upon the sufficiency of the evidence to sustain the verdict and hence there is no necessity of referring

to the evidence further than to say that evidence was introduced by plaintiff to sustain the allegations of his complaint and by defendant to sustain the allegations of its answer.

The only question presented by the appeal is whether the court properly instructed the jury.

Defendant contends that it was reversible error to give instruction numbered 14 reading: "You are instructed that a bus driver must have his bus under such control and drive at such speed that he can stop his bus, if an emergency arises, without causing injury to the passengers, and he must drive in such a manner that he can anticipate, and look out for, and protect his passengers from, any emergency which may arise or anything which may appear in front of his bus." This instruction is in the language of a statement taken from 37 Am. Jur., Motor Transportation, sec. 151, p. 597.

Defendant contends that this instruction placed too high a burden upon the bus driver and in effect made the driver an absolute insurer of the safety of the passengers. Plaintiff takes the position that if the instruction is improper, it was still harmless in view of other instructions given.

The court gave the following instructions: "No. 28. You are instructed that if you believe from all of the evidence herein that the driver of defendant's bus in the exercise of the utmost care and diligence could not have anticipated the actions of the driver of the Ford automobile, and that the bus driver was confronted with an emergency not of his own making, and that said bus driver was forced to apply the brakes suddenly and without warning to his passengers in an attempt to avoid a collision with the Ford automobile, then your verdict should be for the defendant."

"No. 12. You are instructed that a carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

"No. 13. The court instructs you that the defendant was not an insurer of the safety of the plaintiff while traveling in its

bus as a passenger and that the plaintiff as a matter of law is presumed to have taken upon himself all the risks necessarily incident to automotive traveling 'by careful and prudent operation and transportation' over the route on which he was traveling in the motor bus operated by the defendant company at the time of the alleged injury, and if you believe from the evidence that without the fault of the defendant company, the plaintiff was injured by accident arising from causes or instrumentalities beyond the control of the defendant, you should find your verdict against the plaintiff and for the defendant company.''

"No. 16. The 'utmost care' or the 'highest degree of care' is not an absolute but a relative phrase. It does not imply continuity of the most perfect human care, but the highest degree of care which a man of ordinary prudence would bestow under similar circumstances consistent with the practical operation and conduct of a motor bus business.''

"No. 18. You are instructed that the mere fact that an accident occurred does not entitle plaintiff to a verdict.''

"No. 22. You are instructed that if you believe from the evidence herein that there was no negligence on the part of the defendant in operating, controlling or driving the bus in which plaintiff was riding at the time of the accident, your verdict must be for the defendant.''

And the court's first instruction was as follows: "No. 1. You are instructed that the instructions given you by the court constitute the law of this case; they are to be considered together; each instruction is to be considered in the light of every other, and the whole applied to the facts which you find to be established by the evidence. You are the judges of the facts; the court is the sole judge of the law; and you are not permitted to depart from or in any manner disregard these instructions.''

Can it be that the jury was misled by instruction No. 14 to the prejudice of defendant?

The same question under very similar circumstances was before this court in Leonard v. City of Butte, 25 Mont. 410, 65 Pac. 425, 427. There an instruction told the jury that it is the duty

of a city to keep sidewalks in good condition and safe for the passage of persons traveling over them. On its face the instruction thus made the city an insurer of the safety of its sidewalks. But the court in holding that this instruction was not prejudicial in view of all the instructions given said: "Counsel for defendant criticise paragraph 2 of the instructions on the alleged ground that it declares it to be the duty of a city to keep sidewalks 'in good condition and safe' for the passage of persons traveling over them. We understand the rule to be that a city is bound only to use reasonable care to keep its streets and sidewalks in a reasonably safe and good condition for travel (Dill Mun. Corp. sec. 1019), exercising reasonable care in inspecting them to discover any defects therein (Id. sec. 1025). Having observed both of these precautions, reasonable attention being had to the effects of natural deterioration and decay, the authorities will have discharged their full duty. The paragraph under consideration is inaccurate, in that it omits to state that reasonable care, only, is the measure of duty. Yet, when all of the instructions are read together, we think it is apparent that the jury could not have been misled by this error. Paragraph 2 was intended to be a statement of the rule of law as to notice to the city authorities before liability could attach, and it is in connection with the statement of this rule that the inaccurate expression was used. Other paragraphs state clearly and accurately the law relative to the duty of the city generally, and as applied to this particular case. Upon the whole of the instructions upon this point, we think it is clear that the defendant suffered no prejudice." To the same effect under like circumstances is the case of Maynard v. City of Helena, 117 Mont. 402, 160 Pac. (2d) 484.

In Ballos v. Natural, 93 Cal. App. 601, 269 Pac. 972, 974, the court said: "The jury was also instructed that—'It is part of the duty of the operator of a motor vehicle to keep his machine always under control so as to avoid collisions with pedestrians and other persons using the highway.' As claimed by appellant, it is the duty of a driver to use ordinary care to keep his vehicle

under control and to avoid collisions, and, to the extent that a higher degree of care was prescribed, the instruction was erroneous. This instruction, however, did not stand alone, but was preceded and followed by others in which the court fully and correctly stated the degree of care required in the management of vehicles on public streets, thus removing the misleading effect, if any, of the instruction quoted." To the same effect is Anderson v. Freis, 61 Cal. App. (2d) 159, 142 Pac. (2d) 330, and cases therein cited.

In our opinion this case is governed by what this court stated in Palmer v. Riek, 108 Mont. 108, 88 Pac. (2d) 16, 18, where it is said: "The instructions, considered as a whole, fully and fairly presented to the jury the law applicable to the case. That is all that was required (Koppang v. Sevier, 106 Mont. 79, 75 Pac. (2d) 790), because, as very aptly stated in Kargman v. Carlo, 85 N. J. L. 632, 90 A. 292, 295, 'The ultimate test of the soundness of instructions, is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them, and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole.' "

Defendant contends that instruction No. 14 conflicts with the others given and hence is ground for reversal.

It is well settled that conflicting instructions on a material point of law is cause for setting aside a verdict and granting a new trial. Kelly v. Cable Co., 7 Mont. 70, 14 Pac. 633; Wray v. Great Falls Paper Co., 72 Mont. 461, 234 Pac. 486; Skelton v. Great Northern Ry. Co., 110 Mont. 257, 100 Pac. (2d) 929; Hickman v. First National Bank of Great Falls, 112 Mont. 398, 117 Pac. (2d) 275.

When the instructions are read together the jury must have understood that a sudden emergency would constitute good cause to apply the brakes to avoid collison without warning to the passengers, and that there would be no liability on the part of defendant under such circumstances if the sudden emergency was not due to the bus driver's want of control or rate of

speed. In other words, instruction No. 14, when read with the whole of the charge to the jury, instead of making defendant an insurer of the safety of its passengers, simply placed upon it the obligation to drive at such a speed and have such control of the bus as to be able to look out for and guard against emergencies that ought to have been anticipated.

Finding no reversible error in the giving of instruction No. 14, the judgment is affirmed.

MR. JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.

MR. CHIEF JUSTICE ADAIR: (dissenting).

In my opinion it was reversible error for the trial judge to overrule defendant's timely and proper objections to the court's instruction No. 14 and to give same to the jury over such objections.

The trial court's instructions Nos. 14 and 28 may not be reconciled. Both instructions appear verbatim in the above majority opinion hence will not be recopied here.

In its instruction No. 14 the jury was told that a bus driver must so operate his bus that should any emergency arise no injury shall result to his passengers. This instruction makes the driver and his transportation company employer insurers of the safety of the passengers. Such is not the law in this jurisdiction. The instruction was and is misleading on a material issue in the case. It may not be reconciled with the trial court's instruction No. 28 which latter instruction was given to the jury over plaintiff's timely objections. For these reasons the giving of instruction No. 14 on a material issue was highly prejudicial to defendants in that it erroneously instructed, misled and confused the jury and prevented defendant from having the fair trial to which it was and is entitled.

That it was error to give the court's instruction No. 14, see Kelley v. Cable Co., 7 Mont. 70, 77, 14 Pac. 633; Paxton v. Woodward, 31 Mont. 195, 218, 78 Pac. 215, 107 Am. St. Rep. 416; Wray v. Great Falls Paper Co., 72 Mont. 461, 471, 234

Pac. 486; Hageman v. Arnold, 79 Mont. 91, 94, 254 Pac. 1070; Skelton v. Great Northern Ry. Co., 110 Mont. 257, 260, 261, 100 Pac. (2d) 929; Hickman v. First National Bank of Great Falls, 112 Mont. 398, 117 Pac. (2d) 275; Adami v. Murphy, 118 Mont. 172, 182, 164 Pac. (2d) 150; 53 Am. Jur., Trial, sec. 554, p. 440, sec. 557, pp. 442-443.

In Leonidas v. Great Northern Ry. Co., 105 Mont. 302, 318, 72 Pac. (2d) 1007, 1012, this court erroneously said of section 51 of Title 45 U. S. C. A., Federal Employers' Liability Act: "It makes the carrier *an insurer* of the competency and carefulness of its agents and employees." Because of this and other erroneous rulings set forth in this court's opinion the Supreme Court of the United States in Great Northern Ry. Co. v. Leonidas, 305 U. S. 1, 59 S. Ct. 51, 53, 83 L. Ed. 3, 5, in reviewing this court's opinion affirming the trial court's judgment, said:

"Despite this *erroneous* ruling, we are of the opinion that the judgment should be affirmed upon the first ground taken by the state court, that is, that the question of assumption of risk was for the jury. *It is not contended that the instructions of the trial court upon that defense were erroneous.* The contention is that there was no evidence to go to the jury. We think that there was." Emphasis supplied.

In the Leonidas case, supra, the trial court properly instructed the jury as to the law. The *erroneous rulings* that caused the Supreme Court of the United States to issue its writ and review the opinion of the state supreme court were errors committed by the latter court and not errors committed by the state district court wherein the case was tried.

It seems apparent that had the trial court's instructions to the jury been erroneous and had the carrier been prejudiced in its defense thereby, instead of allowing the judgment of affirmance to stand such judgment would have been reversed and the cause remanded for a new trial.

In my opinion the giving of the trial court's instruction No. 14, supra, constitutes reversible error and requires a reversal of the judgment and the remanding of the cause for a new trial.