JUSTICE NELSON
dissents.
¶74 I dissent from the Court’s decision on Issue 3-the jury instruction issue-and would reverse and remand for a new trial. Therefore, I do not reach the Court’s analysis or resolution of any of the other issues in this case.

Instruction Issue-Issue No. 3

¶75 The instruction at issue, No. 7, states:
Intoxication is not an essential element of negligent homicide. Intoxication is merely one of the factors to be considered in determining whether the death of Wilma Nielsen was caused by the negligent actions of James English.
This instruction, as noted by the Court at ¶ 42, was given in conjunction with Instructions 6 and 8. Instruction 6 requires the jury to find that English “acted negligently” in causing the death of Wilma Nielsen if it is to find him guilty of negligent homicide.
¶76 Instruction 8 defines the term “negligently” as follows:
*40 A person acts negligently with respect to a result or to a circumstance described by a statute defining an offense when the person consciously disregards a risk that the result will occur or that the circumstance exists or when the person disregards a risk of which the person should be aware that the result will occur or that the circumstance exists. The risk must be of a nature and degree that to disregard it involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor’s situation. “Gross deviation” means a deviation that is considerably greater than lack of ordinary care. Relevant terms, such as “negligent” and “with negligence”, have the same meaning.
¶77 The jury’s charge in this case was to determine if English (a) caused Wilma Nielsen’s death and, if yes, (b) whether he did so “negligently” and, if yes, (c) whether his conduct disregarded a risk in light of the circumstances and, if yes, (d) whether that risk constituted a “gross deviation” from the reasonable or ordinary standard of care. In other words, in order to convict English of negligent homicide under the law of this case, the jury had to make four independent, but coordinate, factual determinations: (a) and (b) (from Instruction 6) and (c) and (d) (from Instruction 8). If the jury reached a negative answer on any one of these four determinations, then it was obligated to find English not guilty (see Instruction 6).
¶78 However, here, the court took from the jury the necessity to make three out of four of those factual determinations. With Instruction 7, the court pre-determined for the jury that English’s actions were negligent. Contrary to the Court’s statement in ¶ 42, the use of “whether” in the context of the passive voice phrase, refers only to “whether” English caused Wilma Nielsen’s death; having answered “yes” to that question, the next question is answered for the jury by the court-the cause was the “negligent actions” of English. The jury did not have to determine whether English’s actions were negligent; the court told the jury they were-“the negligent actions” of English.
¶79 The court could have used the word “conduct” in place of “negligent actions,” thereby leaving it to the fact-finder to determine whether such conduct was, as a matter of fact, “negligent” under the law. Rather, the court chose to characterize that conduct as negligent in Instruction 7-i.e., it chose to use language in that instruction that told the jury what its decision was supposed to be on the very elemental fact that the jury, itself, was charged with deciding under Instructions 6 and 8. Thus, the court’s faulty Instruction 7 obviated *41 any need for the jury to make determinations on the material elements of the charge filed against English-i.e., (b), (c) and (d) referred to in ¶ 77 above.
¶80 As such, Instructions 6, 7, and 8 were hopelessly confusing and internally inconsistent. While instructions are to be read as a whole, it is also a well-established and long-standing rule of Montana law that giving conflicting instructions upon a material issue is reversible error. Bohrer v. Clark (1979), 180 Mont. 233, 246, 590 P.2d 117, 124 (citing Skeleton v. Great Northern Ry. Co. (1940), 110 Mont. 257, 100 P.2d 929).
¶81 English did not get a fair trial because of the trial court’s internally inconsistent jury instructions on the material elements of the charge. The court abused its discretion by not fairly instructing the jury on the applicable law.
¶82 I would reverse and remand for a new trial. I dissent from our failure to do so.